Jeffrey G. BIRD, Plaintiff-Appellant,

v.

SUMMIT COUNTY, OHIO, et al., Defendants-Appellees.

No. 82–3829.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 21, 1984.

Decided March 21, 1984.

Robert Charles Rosenfeld, argued, Medina, Ohio, for plaintiff-appellant.

Cheri B. Cunningham, Akron, Ohio, John S. Kluznik, argued, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for Summit County, et al.

Before KENNEDY and WELLFORD, Circuit Judges, and COOK, District Judge.*

PER CURIAM.

Bird appeals from the dismissal of his complaint under Federal Rule of Civil Procedure 12(b)(6). The complaint alleged that the failure of various city and county officials to completely expunge Bird's arrest record as ordered by the Akron Municipal Court gave Bird a cause of action under 42 U.S.C. § 1983, 42 U.S.C. § 2000e *et seq.*, and Ohio Revised Code § 2921.45.

In December 1972, Bird was arrested by Akron, Ohio police for sale of marijuana on the basis of false information. The Akron Municipal Court determined that there was no cause for Bird's arrest and on January 5, 1973 issued the following dismissal and expungement order:

> It appearing to the Court, upon evidence and representation of the Prosecutor and police officers, that there was no cause for the arrest of Defendant December 12, 1972, and that he in fact committed no violation of law; and
>
> Further, that Defendant's aforementioned arrest was brought about by means of false and fraudulent representations made to said police who acted thereon, it is
>
> ORDERED AND DECREED that said charges are hereby dismissed and all documents, information, photographs or other data taken from Defendant or collected in any wise as the result of his arrest are hereby to be removed and expunged from any related or resultant police files and records and returned to Defendant.
>
> IT IS SO ORDERED.

The Office of the Clerk of the Akron Municipal Court returned to Bird all materials in its possession relating to Bird's arrest. However, the Summit County Sheriff's Office and the Ohio Bureau of Criminal Identification had received records of the arrest which they retained. There is no indication of any request made to these agencies for return of the records. Bird first learned of these records in February or March 1980, and now claims that their existence deprived him of several employment opportunities. Bird filed his complaint in this action in February 1982.

The District Court, after noting that the right to seek employment is constitutionally protected, held that the Akron defendants had complied with the expungement order, since all records in Akron's posses-

---

* The Honorable Julian A. Cook, Jr., United States District Court for the Eastern District of Michigan, sitting by designation.

sion concerning Bird's arrest were removed and returned to Bird. The District Court further held that the expungement order was not binding on Summit County or its officials, and thus dismissed Bird's § 1983 claim. Bird argues that the expungement order required that all records be removed from "any related or resultant police files," and that Akron therefore had a duty to request return of documents from other agencies.

We need not decide whether any of the defendants violated the expungement order, however, since it is clear that even assuming the expungement order was violated Bird has not stated a claim upon which relief can be granted under § 1983.[1]

 A § 1983 violation must be predicated on a deprivation of constitutional rights. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978). A state is not constitutionally required to expunge an arrest record. *United States v. Schnitzer*, 567 F.2d 536, 539 n. 5 (2d Cir.1977); *Herschel v. Dyra*, 365 F.2d 17, 20 (7th Cir.), *cert. denied*, 385 U.S. 973, 87 S.Ct. 513, 17 L.Ed.2d 436 (1966). In *Paul v. Davis*, 424 U.S. 693, 713, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405 (1976), the Supreme Court held that a "claim that the state may not publicize a record of an official act such as an arrest" did not state a claim for relief under § 1983. Since the Akron Municipal Court was under no constitutional compulsion to expunge Bird's record, a failure to completely comply with the expungement order presents only a question of Ohio law. "Violation of local law does not necessarily mean that federal rights have been invaded." *Screws v. United States*, 325 U.S. 91, 108, 65 S.Ct. 1031, 1038, 89 L.Ed. 1495 (1945). Since Bird has not alleged anything that might constitute deprivation of a constitutional right, his § 1983 claim was properly dismissed.

 Bird's claim under 42 U.S.C. § 2000e *et seq.* was also properly dismissed because there was no allegation that the statutory prerequisites to federal court jurisdiction over such claims were met.

 As Bird has not stated a federal claim, his pendent state law claim under Ohio Revised Code § 2921.45 was also properly dismissed by the District Court. *See Ash v. Board of Education*, 699 F.2d 822, 828 (6th Cir.1983).

Accordingly, the judgment of the District Court is affirmed.

defendants are protected by immunity, or that the governmental bodies are not responsible for their employees' actions.

---

1. We also need not decide the validity of the defendants' arguments that Bird's claim is barred by the statute of limitations, that various