765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ERNEST L. MCMINN, PLAINTIFF-APPELLANT,
v.
LOUIS C. DAMIANI; ANGELO, J. GAGLIARDO, DEFENDANTS-APPELLEES.
 NO. 84-3717, 84-3938
 United States Court of Appeals, Sixth Circuit.
 5/3/85
 
 ORDER
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals from the district court's orders dismissing his pro se civil rights complaint and denying leave to amend the complaint. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed this civil rights action alleging that defendants, the state officials responsible for attorney discipline in Ohio, failed to investigate or prosecute his complaints against various state judges and lawyers. The district court granted pauper status and dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d). We find that the district court properly dismissed the complaint.
 
 
 3
 Plaintiff raises three issues on appeal. He first argues that the district court should have followed the procedures established in Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), before dismissing the complaint. This argument is without merit. The procedures established in Tingler v. Marshall, supra, are not required when a case is dismissed as frivolous under 28 U.S.C. Sec. 1915(d). Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985).
 
 
 4
 Plaintiff's second argument is that defendants violated his due process rights and therefore the complaint stated a cause of action. Construed liberally, see Haines v. Kerner, 404 U.S. 519 (1972), it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. See Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983). A private citizen has no standing to contest the policies of the prosecuting authorities when he himself is not being prosecuted. There is no judicially cognizable interest in the prosecution or nonprosecution of another. Leeke v. Timmerman, 454 U.S. 83 (1981); Linda R.S. v. Richard D., 410 U.S. 614 (1973). Plaintiff's claim that defendants failed to investigate or prosecute members of the bar based on plaintiff's claims of ethical violations does not state a cause of action under section 1983. Ginsburg v. Stern, 125 F.Supp. 596 (W.D. Pa. 1954), aff'd 225 F.2d 245 (3d Cir. 1955); see Ramos Colon v. United States Attorney, 576 F.2d 1 (1st Cir. 1978). Plaintiff's complaint is also frivolous insofar as it alleged that defendants failed to follow state law and procedures. Violation of local law does not necessarily give rise to a constitutional violation. Bird v. Summit County, Ohio, 730 F.2d 442 (6th Cir. 1984). The federal courts have no authority to control state officials' discretionary decisions. Haggard v. Tennessee, 421 F.2d 1384 (6th Cir. 1970); Peek v. Mitchell, 419 F.2d 575 (6th Cir. 1970); see Johns v. Supreme Court of Ohio, ---- F.2d ----, No. 83-3358 (6th Cir. Jan. 30, 1985).
 
 
 5
 Plaintiff's third argument is that the district court should have allowed amendment of the complaint. Plaintiff attempted to amend his complaint to include as a defendant James W. Kelly, Clerk of the Ohio Supreme Court. In various papers filed with the court, plaintiff alleged that Kelly had failed to promptly send plaintiff documents in his mandamus action before the Ohio Supreme Court and failed to reply to inquiries regarding plaintiff's other pending actions. The standard of appellate review of an order denying a motion to amend is abuse of discretion. Estes v. Kentucky Utilities Company, 636 F.2d 1131 (6th Cir. 1980); Neighborhood Development Corporation v. Adivory Council on Historic Preservation, 632 F.2d 21 (6th Cir. 1980). The district court need not permit amendment if the complaint as amended would not survive a motion to dismiss. Id. Plaintiff's amended complaint merely alleged that a state court official failed to perform his duty under state law. This does not state a cause of action under section 1983. See Screws v. United States, 325 U.S. 91 (1945); Johns v. Supreme Court of Ohio, supra; Bird v. Summit County, Ohio, supra. Therefore, the district court did not abuse its discretion in denying amendment of the complaint.
 
 
 6
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).