767 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD WATSON, PLAINTIFF-APPELLANT,
v.
ROBERT BROWN, DIRECTOR OF THE MICHIGAN DEPARTMENT OF
CORRECTIONS; EDWARD TURNER, PRESIDENT OF MICHIGAN
PAROLE BOARD, DEFENDANTS-APPELLEES.
 NO. 85-1173
 United States Court of Appeals, Sixth Circuit.
 6/7/85
 
 W.D.Mich.
 AFFIRMED
 ORDER
 BEFORE: CONTIE and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellant's motion for appointment of counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, the appellant's motion, and his informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This is an appeal from the summary judgment dismissing the appellant's 42 U.S.C. Section 1983 action. The appellant is presently serving a sentence in a Michigan state prison for his conviction of first degree criminal sexual conduct. His civil rights action is based upon his contentions that his rights to 'minimum' due process were violated because he was denied parole without a hearing and because he was not afforded an explanation of the denial.
 
 
 3
 The appellant's complaint does not state that his statutory right to parole has been violated. Rather, he claims that the appellees did not comply with state procedural requirements in denying the parole. Process is not an end in itself; its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement. Olim v. Wakinekona, 461 U.S. 238 (1983). See Bills v. Henderson, 631 F.2d 1287 (6th Cir. 1980). The appellant has not alleged a legitimate claim of entitlement to parole but has merely challenged state procedural defects. Consequently, the claimed deprivation of right does not rise to a constitutional dimension and the district court properly dismissed the action. See Bird v. Summit County, Ohio, 730 F.2d 442 (6th Cir. 1984) (per curiam).
 
 
 4
 Additionally, the attachments submitted with the motion for summary judgment show that the appellant's allegations lack factual support. The appellant was still being considered for parole when this action was filed. The certified parole records show that the appellant waived his right to an interview with the parole board and that board member Gloria Richardson filed a report which stated the reasons for parole denial. The appellant failed to submit opposing affidavits to the aforementioned evidence and therefore his action became subject to entry of summary judgment. Granger v. Marek, 583 F.2d 781, 786 (6th Cir. 1978); Fed. R. Civ. P. 56(e).
 
 
 5
 Finally, the appellant alleges that he did not have sufficient notice that the district court was entering a summary judgment. The motion was mailed to the appellant on November 28, 1984, and the parole record attachments were sent to him by mail on December 4, 1984. The summary judgment was entered on December 26, 1984. The appellant had adequate notice of the motion and a sufficient opportunity to respond. See Kistner v. Califano, 579 F.2d 1004, 1006 (6th Cir. 1978).
 
 
 6
 Accordingly, the motion for counsel is denied, and the district court's decision is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.