767 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CLIFFORD EUGENE SCOTT, PLAINTIFF-APPELLANT,
v.
HERMAN C. DAVIS.
 NO. 84-5870
 United States Court of Appeals, Sixth Circuit.
 6/14/85
 
 W.D.Tenn.
 AFFIRMED
 ORDER
 BEFORE: MERRITT and CONTIE, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This Tennessee State prisoner moves the Court to appoint counsel in his appeal from a district court judgment granting the defendants summary judgment in his suit filed under 42 U.S.C. Sec. 1983. Seeking monetary and injunctive relief from the warden and a prison guard at his former state prison, plaintiff claimed that he was denied adequate medical treatment for his diabetes for several reasons and that he was illegally transferred from the prison in retaliation for a successful lawsuit he had filed against the same defendants. Plaintiff alleged that he suffered as a result of his being required to stay in the prison yard for three days without the necessary items to attend to his personal hygiene and without adequate medical attention for his diabetes. He was kept in the prison yard after he agreed to be the spokesman for many other prisoners who were waging a work-stoppage in the yard. Although he sought to leave the yard, plaintiff alleged that the defendant prison guard refused to let him out and instead gave him three packets of sugar for his diabetes. After three days in the yard, plaintiff stated that he was allowed to go to the prison hospital, but once he arrived there, he was immediately transferred to a different prison where he is presently incarcerated. In addition, the plaintiff alleged that someone called him a racial slur. Finally, plaintiff alleged that he and the other inmates at his former prison were frequently given inadequate medical attention because the doctor who came to the prision once a week was inebriated and because the prison's medical staff would prefer to have sexual relations with the nurses who are really prostitutes.
 
 
 2
 Upon consideration of the cause in light of all the arguments made by the parties, this Court concludes that the district court properly granted the defendants summary judgment as a genuine issue of 'material' fact did not exist in the case as to any of the claims made by the plaintiff. See Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). Plaintiff's claim of infliction of cruel and unusual punishment by the defendants having denied him his medication and by their having prohibited his departure from the prison yard must be considered in light of all the circumstances. As is evident from the parties' papers filed in the district court, a highly volatile situation existed during the work-stoppage which threatened the security of the prison. It was stated in one uncontroverted affidavit that the strike presented a dangerously volatile situation involving abusive language, destruction of property, and purposely set fires by the prisoners. During times like this, prison officials must be accorded wide ranging deference in the adoption and execution of policies and practices, that, in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 547-48 (1979); Procunier v. Martinez, 416 U.S. 396, 405 (1974); Soto v. Dickey, 744 F.2d 1260, 1267-70 (7th Cir. 1984).
 
 
 3
 Even considering as true the plaintiff's allegations, this Court concludes that there was no constitutional wrong committed in this case. See Bird v. Summit County, Ohio, 730 F.2d 442 (6th Cir. 1984) (per curiam). The defendants were not deliberately indifferent to a serious illness suffered by the plaintiff. The circumstances warranted other action to preserve the safety and security of all prisoners and staff; and, the plaintiff noticeably has not alleged that his illness was so grave at the moment to warrant immediate attention, and that he suffered for the lack of the attention. Plaintiff states that he feared he would go into insulin shock or suffer from some other type of trauma. Absent any aggravation of plaintiff's injury caused by the alleged indifference, however, there simply was no injury or causal connection between the defendants' behavior and the plaintiff's illness. See Alexander v. Alexander, 706 F.2d 751, 754-55 (6th Cir. 1983). Absent any specific injury caused by the plaintiff being denied his medication and being kept in the prison yard for three days during a highly volatile prison disturbance, it is clear that these claims were properly denied by the district court.
 
 
 4
 Plaintiff likewise has failed to state a constitutional violation by alleging that he and the other prisoners have received inadequate medical attention from an inebriated doctor once a week and from the prison staff who would prefer to have sexual relations with the nurses. The claims are factually deficient; Mosby v. Mabry, 697 F.2d 213, 215 (8th Cir. 1983); Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971); and, they are at most only claims of medical malpractice which are not cognizable under the constitution. Estell v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 5
 Finally, it is also clear that the plaintiff does not assert a constitutional claim of entitlement to stay at a particular state institution; Meachum v. Fano, 427 U.S. 215 (1976); nor does his being called a racial slur by an unnamed person state a cause of action under the constitution. Paul v. Davis, 424 U.S. 693 (1976). For these same reasons, the plaintiff's motion for counsel is deemed to be unwarranted under the circumstances of this case. United States v. McQuade, 647 F.2d 939 (9th Cir. 1981); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); McBride v. Soos, 594 F.2d 610, 613 (7th Cir. 1979).
 
 
 6
 This panel, accordingly, unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The plaintiff's motion for appointment of counsel is, therefore, denied and the district court's judgment is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.