780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
LARRY L. KING, Plaintiff-Appellant,
v.
RAYMOND CAPOTS, CHAIRMAN; THE OHIO PAROLE BOARD/ADULT
AUTHORITY, Defendants-Appellees.
 85-3627
 United States Court of Appeals, Sixth Circuit.
 11/15/85
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: LIVELY, Chief Judge; and MERRITT and CONTIE, Circuit Judges.
 
 
 1
 This matter is before the Court upon the appellant's motion for appointment of counsel. The appeal had been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, and the appellant's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Larry L. King brings this appeal from the dismissal of his 42 U.S.C. Sec. 1983 action. He is incarcerated in an Ohio prison, serving a one to five year sentence for child endangering. The sentence was imposed in 1982. The appellant claims he is being held in violation of the Constitution. He argues that he was entitled to be released on parole once the minimum term of his imprisonment expired. The appellant has also stated that appellees have violated Ohio statutory law by aggregating a non-existant prior sentence with the two to five year sentence. His claim in this respect is unclear. It appears the appellant was sentenced to a one to twenty year term of imprisonment in 1961. That term would have expired in 1981, but King asserts that the Ohio Parole Board violated Ohio law in aggregating the expired one to twenty year sentence with the 1982 sentence.
 
 
 3
 The district court found that pursuant to Ohio law, release on parole is vested in the discretion of the parole commission. Thus, the court held no cause of action had been stated because a deprivation of a state created entitlement had not been alleged.
 
 
 4
 The district court was correct in its analysis. The mere posibility or expectency of parole is not a sufficient interest to invoke the protection of the due process clause. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 11 (1979). Since release on parole in Ohio is vested in the discretion of the parole authority, the appellant has not stated a claim of constitutional dimension. Jago v. VanCuren, 454 U.S. 14 (1981).
 
 
 5
 In addition, a Sec. 1983 action must be predicated on a deprivation of constitutional right. Bird v. Summit County, Ohio, 730 F.2d 442 (6th Cir. 1984). Even liberal interpretation of the appellant's pro se complaint, Haines v. Kerner, 404 U.S. 519 (1972), does not clarify the appellant's claim concerning the prior one to twenty year sentence. It appears the appellant is merely alleging a deprivation of state law. Consequently, he has failed to state a claim.
 
 
 6
 Accordingly, it is ORDERED that the appellant's motion for counsel is denied and the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.