831 F.2d 294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles GOODLOE, Plaintiff-Appellant,
v.
FORD MOTOR CO.; Ford Motor Co., the American Way, Defendant-Appellee.
 No. 87-1195.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1987.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff is a former employee of the defendant, Ford Motor Company. In 1978, the plaintiff was discharged by the defendant. Six years after his discharge, the plaintiff proceeding in his own behalf filed a complaint against the defendant in district court. In his brief complaint, the plaintiff alleged that had he not been illegally discharged by the defendant, he would have been hired by the City of Detroit, Michigan, or had a right to reemployment under the defendant's collective bargaining agreement with his union. The defendant, pursuant to Fed.R.Civ.P. 56, moved to dismiss the plaintiff's action as time-barred under Michigan's three year statute of limitations, Mich.Comp.Laws Ann. Sec. 600.5805(8). The plaintiff with the assistance of court appointed counsel, filed a motion in opposition in which counsel argued that plaintiff's complaint alleged on-going discriminatory acts by the defendant in the form of discriminatory job references which caused the plaintiff to be denied subsequent employment opportunities. Appended to counsel's memorandum was an affidavit of the plaintiff in which the plaintiff averred that he had been denied jobs with the City of Detroit and other Ford plants due to the defendant's discrimination. The district court after conducting a hearing on the defendant's motion and the plaintiff's response granted summary judgment for the defendant.
 
 
 3
 We affirm the judgment of the district court. Summary judgment is proper when the evidence of record fails to disclose a genuine issue of material fact and the moving party is entitled to judgment was a matter of law. Anderson v. Liberty Lobby, 477 U.S. ----, 106 S.Ct. 2505, 91 L.Ed.2d 202, 211 (1986); Kendall v. Hoover Co., 751 F.2d 171 (6th Cir.1984). No genuine issue of material fact is revealed by the plaintiff's proof or by the record as a whole. Further, based on the uncontroverted facts, the defendant is entitled to judgment as a matter of law.
 
 
 4
 The record contains no proof that the plaintiff complied with the statutory requisites of 42 U.S.C. Sec. 2000e-5(f) prior to filing suit in district court. To the extent plaintiff's complaint could be interpreted as alleging an action under Title VII, 42 U.S.C. Sec. 2000e, it was therefore properly dismissed. See Bird v. Summit County, Ohio, 730 F.2d 442, 444 (6th Cir.1984). This same conclusion applies to the extent that the plaintiff's complaint and supporting proof could be interpreted as alleging a cause of action under 42 U.S.C. Sec. 1981. Neither plaintiff's complaint nor his affidavit indicate whether the plaintiff was a member of a racial minority; nor does either document reflect that racial discrimination, as opposed to any other form of disparate treatment, was the motivating factor for the adverse job references mentioned in the memorandum filed by the plaintiff's trial counsel. In fact, the plaintiff's affidavit accompanying that memorandum does not even make specific reference to such recommendations, but instead avers in conclusory terms that the defendant discriminated against plaintiff by interfering with his employment at a maintenance company. Because the plaintiff failed to factually establish his membership in a protected class and specific instances of employment related discrimination based on his membership in that class, his complaint was properly dismissed for failure to assert a violation cognizable under 42 U.S.C. Sec. 1981. See Beauford v. Sisters of Mercy-Procidence of Detroit, 816 F.2d 1104 (6th Cir.1987); Reynolds v. Humko Products, 756 F.2d 469, 472 (6th Cir.1985); Smith v. Pan Am World Airlines, 706 F.2d 771, 773 (6th Cir.1983).
 
 
 5
 Accordingly, the judgment of the district court entered January 30, 1987, is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.