837 F.2d 475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph Drake HILL, Plaintiff-Appellant,
v.
Richard P. SEITER, Supr.; Mr. Jackson, Defendants-Appellees.
 No. 86-3207.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon review of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This Ohio state prisoner appeals the dismissal of his complaint filed under 42 U.S.C. Sec. 1983 in which he alleged that he was deprived of his rights in prison disciplinary proceedings. First, plaintiff contended that he was sentenced to two terms of fifteen days in direct control for refusal to work in violation of Ohio Admin.Code Sec. 5120-9-08(C). Second, plaintiff claimed that he was improperly reclassified to indefinite local control following two drug infraction convictions without a reclassification hearing required by Ohio Admin.Code Sec. 5120-9-131(A).
 
 
 3
 Even construing his pro se complaints liberally, as we must, Haines v. Kerner, 404 U.S. 519 (1972), it is clear that the district court did not err in holding that plaintiff had failed to make out any claim cognizable under 42 U.S.C. Sec. 1983. To the extent that section 5120-9-08(C) can be construed to grant a plaintiff a liberty interest not to be placed in direct control for two successive 15-day periods, it is evident from plaintiff's own pleadings that the infractions complained of were not construed by the prison authorities as amounting to a "spree of offenses" because the commission of the second offense occurred only after the completion of the 15-day disciplinary control which was imposed for the first infraction. It was not the district court's nor our function on appeal to reach a different interpretation of the rules, especially when the previous application was so plainly consistent with their language.
 
 
 4
 Plaintiff's claim, not addressed to the district court, seeking expungment of a disciplinary conviction from his prison record is not cognizable because there is no constitutional right to the relief he requested. See Bird v. Summit County, Ohio, 730 F.2d 442 (1984). Further, it is evident that plaintiff's claims of an improper reclassification following two drug infraction convictions without a reclassification hearing is without merit in that plaintiff appears to have entered a plea of guilty to such convictions, which thereby waived any right to a hearing which might otherwise have been accorded. To the extent he was entitled to such procedures, there is no showing that they were violated.
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.