883 F.2d 74
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest Ralph ELLIS, Sr., Jean Ellen Ellis, Plaintiffs-Appellants,
v.
CITY OF CLEVELAND, Cleveland Board of Education, Defendants-Appellees.
 No. 89-3246.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 Before BOYCE F. MARTIN, Jr. MILBURN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The Ellises, proceeding pro se and as paupers, move for summary judgment on appeal from the district court's judgment sua sponte dismissing their civil rights actions. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The Ellises sought monetary relief against the City of Cleveland and the Cleveland Board of Education claiming they violated their rights under the first, fifth and fourteenth amendments, and also claiming they inflicted emotional distress on them and assaulted them. The district court sua sponte dismissed the actions under 28 U.S.C. Sec. 1915(d) for the plaintiffs' failure to state a claim for relief against either defendant.
 
 
 3
 Upon consideration, we affirm the district court's judgment because the plaintiffs' complaints lacked any basis in law. Neitzke v. Williams, 109 S.Ct. 1827 (1989). Even if their allegations are assumed true, the Ellises' complaints are without legal foundation as the Ellises utterly failed to describe how the alleged deprivations could be attributable to these defendants. If causation is not alleged or apparent, a plaintiff can not prevail as causation is always a necessary element of all Sec. 1983 claims. See Cameron v. City of Pontiac, Mich., 813 F.2d 782, 786 (6th Cir.1987). Even under 42 U.S.C. Sec. 1985(3), a plaintiff must establish that the denial of the constitutional right was based on some racial or other class-based discriminatory animus. See Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971); Conklin v. Lovely, 834 F.2d 543, 548 (6th Cir.1987). The Ellises' allegations of discrimination are indisputably insufficient to support a claim for relief under Sec. 1985(3). Cf. Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985).
 
 
 4
 In addition, the Ellises' remaining claims of intentional infliction of emotional distress and assault under the circumstances of this case are only cognizable under state law. See Bird v. Summit Cty., Ohio, 730 F.2d 442, 444 (6th Cir.1984) (per curiam).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.