893 F.2d 1335
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl H. PRUITT, Plaintiff-Appellant,
v.
Robert BROWN, Jr.; Richard McKron; Henry Grayson; Vicki
Loss; Elaine Wingard, Defendants-Appellees,
Thomas Taylor, Defendant.
 No. 89-1621.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff Pruitt is a Michigan prisoner. He filed a civil rights action under 42 U.S.C. Sec. 1983 against the named defendants in connection with Pruitt's detention and subsequent extradition from Tennessee to Michigan in 1988. The district court dismissed the claims against all defendants except Taylor as frivolous under 28 U.S.C. Sec. 1915(d). An attempt to effect service on Taylor was unsuccessful. This appeal followed. Plaintiff has filed a brief in his own behalf.
 
 
 3
 Upon consideration, we affirm. We initially note that the district court order is final for appellate purposes as the remaining defendant Taylor was never served with process. Bryant v. Ford Motor Co., 844 F.2d 602, 604 n. 2 (9th Cir.1987) (en banc), cert. denied, 109 S.Ct. 542 (1988). The claims against the other five defendants were properly dismissed because they had no basis in law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989). None of the named individuals had any personal involvement in Pruitt's allegedly invalid extradition. This lack of involvement is fatal to a Section 1983 claim. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983). We also note that Pruitt has failed to articulate the denial of a federally cognizable right. Section 1983 protection does not extend to purely state-guaranteed procedures and rights. Bird v. Summit County, Ohio, 730 F.2d 442, 444 (6th Cir.1984) (per curiam).
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.