914 F.2d 255
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry BOUT, Plaintiff-Appellant,
v.
Robert M. HARRISON, Clerk, 22nd Circuit Court; Helen B.
Hagen, Deputy Clerk, 22nd Circuit Court,
Defendants-Appellees.
 No. 90-1311.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1990.
 
 Before: KENNEDY and RALPH B. GUY, Jr., Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Harry Bout appeals from a district court order dismissing his civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). In his complaint filed in district court, Bout alleged that the defendants, the clerk and a deputy clerk of the 22nd Circuit Court of Michigan, denied him due process and equal protection under the laws by refusing to enter a judgment of default in his favor pursuant to a state court rule, in a civil suit filed in that court. Bout further alleged that the defendants were not immune from the suit, because they knew or should have known that they were violating his constitutional rights.
 
 
 3
 Upon review, we conclude that the district court properly dismissed the complaint as frivolous. As correctly stated by that court, a claim based on a violation of state law is generally not cognizable in a Sec. 1983 action. Bird v. Summit Cty., Ohio, 730 F.2d 442, 444 (6th Cir.1984) (per curiam). Further, the plaintiff did not plead the inadequacy of state remedies in this case, to redress the alleged wrongs, as required to withstand dismissal of a Sec. 1983 case filed in federal court. Hudson v. Palmer, 468 U.S. 517, 534 (1984); Vicory v. Walton, 721 F.2d 1062, 1065-66 (6th Cir.), cert. denied, 469 U.S. 834 (1984). Finally, it was not clearly erroneous for the district court to find that the plaintiff was treated as any other civil plaintiff pursuing default in the defendants' court. Thus, his complaint of being denied equal protection under the laws also fails.
 
 
 4
 Accordingly, the district court's judgment is affirmed for the reasons stated in the district court's order of February 9, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.