919 F.2d 141
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffery SANDERS, Plaintiff-Appellant,
v.
Perry M. JOHNSON, Robert Brown, Jr., Marjorie Van Ochten,
Defendants-Appellees.
 No. 89-1553.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1990.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Jeffery Sanders, a pro se Michigan prisoner, appeals the district court's summary judgment for the defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and monetary relief, Sanders sued Perry M. Johnson, former director of the Michigan Department of Corrections (MDOC); Robert Brown, Jr., Director of the MDOC; and Marjorie Van Ochten, hearings administrator for the MDOC in their individual capacity. Service of process did not issue for Johnson. Claiming a denial of liberty without due process, Sanders alleged that, at the instigation of Van Ochten, Johnson promulgated and enforced administrative regulations that permitted forfeiture of a prisoner's earned good time credits as a sanction for being found guilty of a major misconduct violation. When Brown succeeded Johnson as director of the MDOC, he continued enforcement of these regulations. The wardens of the prison where Sanders has been confined have allegedly forfeited a significant amount of his good time credits because of major misconduct violations. Sanders alleged that the special orders forfeiting this time did not contain a statement by the factfinder as to the evidence relied upon and the reason for the action taken, thus violating Sanders's fourteenth amendment right to due process.
 
 
 3
 The defendants filed a motion for summary judgment which Sanders opposed. Over Sanders's objections, the district court adopted the magistrate's report and recommendation and granted summary judgment for the defendants.
 
 
 4
 On appeal, Sanders argues that the district court erred because it misconstrued the facts, the legal claim presented, and the relief sought.
 
 
 5
 We shall affirm the district court as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 Sanders has not been deprived of liberty without due process through the promulgation and application of the MDOC's regulations involving forfeiture of his good time credits. The question of whether the administrative regulations challenged by Sanders are consistent with and properly promulgated under Michigan law is a state, rather than a federal question and is not cognizable under 42 U.S.C. Sec. 1983. Cf. Bird v. Summit Cty, Ohio, 730 F.2d 442, 444 (6th Cir.1984) (per curiam).
 
 
 7
 In addition, Sanders's credits were forfeited through sanctions imposed following disciplinary hearings at which Sanders was convicted of major misconduct violations. Such forfeitures are allowed by Michigan law. See Mich.Comp.Laws Ann. Sec. 800.33 (West 1982; amended effective April 1, 1987, West Supp.1990). The process afforded at these disciplinary hearings was sufficient to allow the disciplinary sanction of forfeiture without further proceedings specifically related to the forfeitures. Walker v. Mintzes, 771 F.2d 920, 933-34 (1985).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.