[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 636.]

THE STATE OF OHIO, APPELLEE, *v.* HAMILTON, APPELLANT.

[Cite as *State v. Hamilton*, 1996-Ohio-440.]

*Criminal procedure—Postconviction remedies—Prosecutor's participation in a hearing on an application to seal the record of a conviction is not limited to issues specified by prosecutor in written objection filed pursuant to R.C. 2953.32(B).*

A prosecutor's participation in a hearing on an application to seal the record of a conviction is not limited to issues specified by the prosecutor in a written objection filed pursuant to R.C. 2953.32(B).

(No. 95-172—Submitted March 5, 1996—Decided June 26, 1996.)

CERTIFIED by the Court of Appeals for Montgomery County, No. 14525.

––––––––––––––––––

{¶ 1} In February 1990, a Montgomery County jury convicted David Hamilton of theft. The court sentenced Hamilton to a one-year prison term, which was suspended, and placed him on probation with the requirement that he make restitution and perform community service. Hamilton received a termination of his probation upon fulfilling each of its conditions.

{¶ 2} After waiting the required three years from his discharge, Hamilton applied to the sentencing court to have the record of his conviction sealed pursuant to R.C. 2953.32.

{¶ 3} Without filing an objection to Hamilton's application as permitted by R.C. 2953.32(B), an assistant prosecuting attorney appeared at the expungement hearing and cross-examined Hamilton regarding his employment and his qualifications and licensure in law and accounting. The prosecutor urged the court to deny Hamilton's application based on Hamilton's possibility of obtaining a position with fiduciary responsibilities.

**{¶ 4}** The court denied Hamilton's application, finding that the legitimate needs of the government outweigh Hamilton's need to have the record sealed. Specifically, the court noted that "should the defendant re-apply to practice law and or become an accountant, the public's need to know about his criminal record is a relevant, legitimate governmental need under the statute."

**{¶ 5}** Hamilton appealed and the Second District Court of Appeals affirmed the trial court's order. The appellate court concluded that R.C. 2953.32(B) does not require the prosecutor to file objections to a defendant's application for expungement of a conviction prior to the hearing as a prerequisite to participating in the expungement hearing. Instead, the court interpreted R.C. 2953.32(B) to permit the prosecuting attorney to file written objections prior to trial either in lieu of or in addition to participating at the hearing.

**{¶ 6}** The court of appeals certified a conflict with the decision of the Court of Appeals for the Fourth District in *State v. Stiff* (June 21, 1990), Scioto App. No. 1804, unreported, regarding the following issue:

"Whether a trial court errs in denying a defendant's motion to seal the records of his conviction on the basis of objections made by the prosecutor at the hearing on the motion which were not specified by the prosecutor prior to the hearing, because the prosecutor is limited by R.C. 2953.32(B) to objections specified prior to the hearing on the motion."[1]

---

1. Hamilton additionally moved the appellate court to certify a conflict on the issue of whether the public's "need to know" is a legitimate governmental concern for the purposes of R.C. 2953.32(C)(1)(e). In his motion, Hamilton asserted that the appellate court's holding was in conflict with the judgment of the Third District Court of Appeals in *State v. Mastin* (1992), 83 Ohio App.3d 814, 615 N.E.2d 1084. The court of appeals below denied certification on that issue, holding that "[a]ny conflict is not on the rule of law applied but on the facts." Hamilton did not file a jurisdictional memorandum with this court to accept the "public interest" issue on the basis of a discretionary appeal. Accordingly, our review is limited to the single issue properly before this court on certification of a conflict. S.Ct.Prac.R. IV(2)(C).

**{¶ 7}** The cause is now before this court upon our determination that a conflict exists.

_____

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *M. Catherine Koontz,* Assistant Prosecuting Attorney, for appellee.

*Thomas P. Randolph* for appellant .

_____

**COOK, J.**

**{¶ 8}** The narrow question properly certified to this court involves the statutory interpretation of R.C. 2953.32(B).  In the present case, because there was no written objection filed by the prosecutor with the court prior to the hearing, Hamilton argues that it was error for the trial court to consider the facts elicited and arguments presented by the prosecutor at the hearing.  To the contrary, we adjudge that R.C. 2953.32(B) does not require the filing of a written objection as a prerequisite to a prosecutor's participation in the expungement hearing.  Rather, as an alternative to appearing at the expungement hearing, the statute permits a prosecutor to contest an expungement by written objection.  Accordingly, we affirm the appellate court's judgment.

I

**{¶ 9}** R.C. 2953.32(B) states in pertinent part:

"Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application.  The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing.  The prosecutor shall specify in the objection the reasons he believes justify a denial of the application."

**{¶ 10}** Hamilton's reading of R.C. 2953.32(B), and the interpretation of that provision advanced by the Fourth District Court of Appeals in *Stiff*, *supra*, would

limit the prosecutor's participation at an expungement hearing to those facts and arguments set forth in a written objection, filed prior to the date of the hearing.

{¶ 11} At the outset of this discussion, we note that R.C. 2953.32 does not contain language expressly forbidding participation by the prosecuting attorney at the expungement hearing in the absence of a filed written objection. Instead, Hamilton suggests that such a result should be implied from that portion of R.C. 2953.32(B) allowing the prosecutor to object to an expungement by filing a written objection, prior to the date of the expungement hearing, and R.C. 2953.32(C)(1)(d), which requires a court to consider the reasons against granting the application specified in the prosecutor's objection. The primary rationale advanced by Hamilton and the *Stiff* court to support their interpretation is that the filing of such a written objection is intended to give the applicant notice of the state's basis for opposing the application and the opportunity to prepare a response thereto.

{¶ 12} Given, however, that the language of the statute fails to prescribe any number of days in advance of the hearing for filing of such objection or to mandate service of the objections on the applicant, Hamilton's reliance on notice and an opportunity to prepare a response lacks support in the statutory structure.[2] By filing written objections on the eve of a scheduled hearing, a prosecutor has filed "prior to the date set for hearing" and yet afforded the applicant no time to prepare a response.

---

2. See, *e.g.,* R.C. 4303.271, which requires the legislative authority of a municipal corporation, board of township trustees, or the board of county commissioners of the county in which a liquor permit premises is located to file specific objections to the renewal of a liquor permit thirty days prior to the expiration of a liquor permit, and which expressly limits the renewal hearing to those issues specifically set forth in the objection; R.C. 3319.16, which requires a board of education's treasurer to furnish a teacher with written notice of the grounds supporting the board's intention to terminate the teacher's contract ten days prior to any formal action with respect to such termination; R.C. 2945.58 and Crim. R. 12.1, which require a defendant to file and serve upon the prosecutor any notice of alibi that he intends to offer in his defense three days and seven days prior to trial respectively; and R.C. 2967.12, which requires the Adult Parole Authority to send to the prosecuting attorney at least three weeks before it recommends any pardon or commutation of sentence, or grants any parole, notice of pendency of the pardon, commutation, or parole.

{¶ 13} Moreover, the procedure outlined for an expungement hearing requires the court to direct a probation official "to make inquiries and written reports" regarding information relevant to its inquiry. R.C. 2953.32(B). The statute imposes no duty on such probation officials or the court to disclose this information prior to the expungement hearing. Permissible use of this information without advance notice to an applicant belies Hamilton's rationale. A probation official who is charged with the duty of making inquiries related to the hearing has the ability to produce information as damning to the applicant as that which the prosecutor can provide. It logically follows that if the purpose of the "written objection" language in R.C. 2953.32(B) is to require a prosecutor to give advanced notice of specific information that could be used to justify an expungement denial, similar requirements would apply to all sources of information possibly adverse to the applicant. In the absence of such requirements, we deduce that advance notice to a defendant is not the purpose of the written objection language of R.C. 2953.32(B).

II

{¶ 14} We also conclude that advance notice of a prosecutor's objection is not constitutionally required. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer* (1972), 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494. Neither the United States Constitution nor the Ohio Constitution endows one convicted of a crime with a substantive right to have the record of a conviction expunged. *Bird v. Summit Cty.* (C.A.6, 1984), 730 F.2d 442, 444. Instead, expungement is an act of grace created by the state. Compare *Escoe v. Zerbst* (1935), 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566.[3] Moreover, the government possesses a substantial interest in

---

3. In *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 782, 93 S.Ct. 1756, 1760, 36 L.Ed.2d 656, 662, fn. 4, the United States Supreme Court commented that after *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, it is clear that a probationer can no longer be denied due process

ensuring that expungement is granted only to those who are eligible. Expungement is accomplished by eliminating the general public's access to conviction information. Accordingly, expungement should be granted only when an applicant meets all the requirements for eligibility set forth in R.C. 2953.32.

{¶ 15} As opposed to the adversary posture of a guilt determination, an expungement hearing provides the court with the opportunity to review matters of record and to make largely subjective determinations regarding whether the applicant is rehabilitated and whether the government's interest in maintaining the record outweighs the applicant's interest in having the record sealed. The court is permitted to gather information relevant to these inquires from the applicant, the prosecutor, and through independent court investigation conducted with the aid of probation officials.

{¶ 16} It is apparent from a study of R.C. 2953.32 that the essential purpose of an expungement hearing is to provide a reviewing court with all relevant information bearing on an applicant's eligibility for expungement. Advocacy is subordinated to information gathering. As stated, expungement hearings are not structured on the adversary model. As such, an expungement applicant is not entitled to the same type of notice that is afforded one who is accused of a crime, let alone a greater degree of notice as Hamilton now suggests. Compare *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex* (1979), 442 U.S. 1, 15-16, 99 S.Ct. 2100, 2108, 60 L.Ed.2d 668, 680-681; *State v. Sellards* (1985), 17 Ohio St.3d 169, 171, 17 OBR 410, 411-412, 478 N.E.2d 781, 784. Accordingly, the process due an applicant for expungement does not include advanced notice of the specific issues

---

with respect to revocation of probation in reliance on the *dictum* in *Escoe* that probation is an "act of grace." However, neither *Gagnon* nor *Morrissey* questioned the character of probation as an "act of grace" extended by the state as opposed to a fundamental right existing independently under the Due Process Clause.

and facts underlying a prosecutor's objection or even notice that the state opposes the sealing of the record.

{¶ 17} We approve, instead, the interpretation advanced by the state and adopted by the court of appeals in this case. Under R.C. 2953.32(B), the prosecutor is permitted to file an objection to the application with the court. If an objection is filed, and specifies reasons allegedly justifying denial of the application, the court is required to consider the prosecutor's objections regardless of whether the prosecutor appears at the hearing. R.C. 2953.32(C)(1)(d). The purpose of requiring specificity in the written objection filed pursuant to R.C. 2953.32(B), therefore, is to provide the court with the state's rationale for opposing the application and not to limit the introduction of relevant information, which the prosecutor possesses or may come to possess, that is not contained in a written objection.

## CONCLUSION

{¶ 18} On the basis of the foregoing analysis, we hold that a prosecutor's participation in a hearing on an application to seal the record of a conviction is not limited to issues specified by the prosecutor in a written objection filed pursuant to R.C. 2953.32(B).

{¶ 19} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, M.L. RESNICK and RESNICK, JJ., concur.

MOYER, C.J., F.E. SWEENEY and Pfeifer, JJ., dissent.

MELVIN L. RESNICK, J., of the Sixth Appellate District, sitting for WRIGHT, J.

_____

**FRANCIS E. SWEENEY, SR., J., dissenting.**

{¶ 20} I respectfully dissent. In my opinion, R.C. 2953.32 requires a prosecutor who intends to object to the filing of an application to expunge a criminal record to file such objections with the trial court *prior* to the hearing date. Since the prosecutor did not comply with this procedure and since the trial court mistakenly relied upon oral objections as the basis for denying appellant's application, I would reverse the judgment of the court of appeals and remand for a new hearing.

{¶ 21} According to R.C. 2953.32(B): "The prosecutor may object to the granting of the application [for expungement] by filing an objection with the court *prior to the date set for the hearing*. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application." (Emphasis added.)

{¶ 22} The majority construes this statute to mean that a prosecutor can either appear at the expungement hearing to contest the application to seal the criminal record or, in the alternative, can file written objections. Contrary to the majority's interpretation, I believe the clear language of R.C. 2953.32(B) sets forth a single procedure for objecting to an application to seal a criminal record. The statute plainly states that a prosecutor who objects to the application must do so "prior to the date set for the hearing." Therefore, the wording of the statute does not support the majority's holding that a prosecutor may object for the first time at the expungement hearing.

{¶ 23} Consequently, I would follow the decision of *State v. Stiff* (June 21, 1990), Scioto App. No. 1804, unreported, which was certified as being in conflict with the appellate decision in this case, and which held that the language of R.C. 2953.32(B) is mandatory and requires that objections to an application to seal a criminal record be made before the hearing.

{¶ 24} Accordingly, I would reverse the judgment of the court of appeals and remand for a new hearing.

MOYER, C.J., and PFEIFER, J., concur in the foregoing dissenting opinion.

_____