JOURNAL ENTRY AND OPINION.
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} The State of Ohio appeals the trial court's granting of defendant-appellee's motion to expunge his record. In 1984, defendant was indicted on two counts: drug abuse in violation of R.C. 2925.11 and possession of criminal tools in violation of R.C. 2923.24. He pleaded guilty to an amended charge of permitting drug abuse in violation of R.C. 2925.13 and the second count was nolled. He was sentenced to six months of incarceration and fined $500.00 with the time suspended and probation for six months.
 {¶ 3} Defendant has maintained a clean record since this conviction and is a respected businessman who speaks several languages and is able to negotiate for his company in his travels around the world. He is concerned about his record preventing him entry into some of the countries in which he does business and so he requested an expungement.
 {¶ 4} The state opposed the expungement because it claimed that this conviction was not defendant's first offense. It cited a LEADS report which showed a 1979 conviction for shoplifting in Athens, Ohio while defendant was a college student there. The state did not, however, introduce the LEADS report or anything else into evidence to support its assertion.
 {¶ 5} Defense counsel stated at the hearing on the matter that defendant remembered the shoplifting incident but believed it was a minor misdemeanor. Defense counsel stated that he contacted the Athens court several times and it told him it had no record of such a conviction. According to the transcript of the expungement hearing, the LEADS sheet[1] showed that no sentence was imposed and defendant received only a $100.00 fine for the shoplifting incident.
 {¶ 6} After considering these facts, the court stated that it considered the shoplifting conviction a minor misdemeanor and proceeded to expunge the conviction for permitting drug abuse. The state timely appealed, stating one assignment of error:
I. The trial court erred in granting the appellee's request for sealing of his record because he is not a first offender pursuant to R.C. 2953.31.
 {¶ 7} The requirements for an expungement are found in R.C. 2953.32, which states in pertinent part:
 {¶ 8} "Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record." R.C.2953.32(A)(1). The state argues that defendant's early conviction for shoplifting precludes him from being a first offender. "Whether one is a first offender is a question of law that may be reviewed de novo on appeal." State v. Bundy, Hamilton App. No. C-020411, 2003 Ohio 567, 4.
 {¶ 9} R.C. 2953.31 defines a first offender as it applies in this case as follows: "(A) "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. * * *
 {¶ 10} For purposes of * * * this division, a conviction for aminor misdemeanor * * * is not a previous or subsequent conviction." Emphasis added. Defendant counters, first, that the shoplifting incident was a minor misdemeanor and therefore does not count as a prior conviction under the expungement statute, and, second, that even if it did, the state failed to support its allegations with admissible evidence of the prior conviction.
 {¶ 11} Defendant errs in alleging that the state is required to submit a certified copy of the prior conviction at the expungement hearing. R.C. 2953.32 requires the prosecutor only to state the objection; the court shall then order the probation department to investigate the allegation of a prior conviction.[2] Here, the record of the hearing demonstrates that the prosecutor stated an objection. Thus the prosecutor has fulfilled its obligation.
 {¶ 12} The court, on the other hand, did not fulfill its obligation to determine whether defendant was a first offender. The trial court stated at the expungement hearing:
 {¶ 13} "The [LEADS] sheet that the State of Ohio has given to the Court does indicate that there was a conviction and a fine of $100. It does not show that there was [sic] any days that were given and suspended.
 {¶ 14} "The Court is going to infer from that information that this was a minor misdemeanor at the time that it was committed." Tr. at 7.
 {¶ 15} The statute defines a minor misdemeanor as follows: "Any offense not specifically classified is a minor misdemeanor if the onlypenalty that may be imposed is a fine not exceeding one hundred dollars." R.C. 2901.02(G). Emphasis added. The question that remains, therefore, is whether the fine was "the only penalty that may be imposed," not whether any further penalty actually was. To answer this question requires knowing the statute under which he was convicted. Nothing in the record before us indicates what statute defendant violated in his shoplifting conviction or what penalty "may be imposed" under that statute.
 {¶ 16} R.C. 2953.32(B) requires the court to direct a probation officer or department to investigate the state's allegations and file a written report with the court. The Ohio Supreme Court has stated that "the procedure outlined for an expungement hearing requires the court to direct a probation official `to make inquiries and written reports' regarding information relevant to its inquiry." State v. Hamilton
(1996), 75 Ohio St.3d 636, 639. Defendant's status as a first offender is certainly relevant to the court's inquiry. This court has held that if a defendant is not a first offender, the trial court is without jurisdiction to grant an expungement. State v. May (1991),72 Ohio App.3d 664, 667. See also, State v. Bundy, Hamilton App. No. C-020411, 2003 Ohio 567, 3. "Expungement is accomplished by eliminating the general public's access to conviction information. Accordingly, expungement should be granted only when an applicant meets all the requirements for eligibility set forth in R.C. 2953.32." Hamilton at 640.
 {¶ 17} The trial court may not infer jurisdiction. This issue of fact must be determined. If the shoplifting conviction was not a minor misdemeanor, then the court lacked jurisdiction to grant an expungement. The court had an obligation, therefore, to determine the status of that prior conviction as required by R.C. 2953.32(B). Because defendant's legal status as a first offender was not properly determined by the trial court, the case must be reversed and remanded for determination of the trial court's jurisdiction to grant the expungement.
Reversed and remanded.
FRANK D. CELEBREZZE, JR., P.J., and ANTHONY O. CALABRESE, JR., concur.
[1] The LEADS sheet in question is not included in the record before us.
[2] "(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant." R.C. 2953.32(B).