JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Minnie Cooper-Hill, appeals the trial court's denial of her motion to expunge her 1995 conviction for domestic violence. She is no longer married to or involved with the victim of that crime. Since completing her probation for that offense, defendant has earned a bachelor's degree, obtained a teaching job in public schools, and currently is looking into pursuing a Master's degree. She applied for expungement out of concern that her record might affect her ability to obtain teaching jobs.
 {¶ 2} The trial court set a hearing on her motion to expunge, and the prosecutor did not file a brief in opposition. At the hearing, however, the prosecutor voiced objections that the public interest in being able to obtain information about the domestic violence outweighed defendant's right to the expungement.
 {¶ 3} After considering the arguments and the probation report, the court denied the motion to expunge. Defendant now appeals, stating three assignments of error. The first two assignments of error address the same legal issue and will be considered together. They state:
"I. The court erred in considering the arguments of the prosecuting attorney where no written objection had been filed pursuant to r.c. 2953.32(b).
"II. The court erred when it found that the interests of the defendant in having the records sealed do not outweigh the legitimate needs of the government to maintain the record, where the interests of the government were not properly before the court."
 {¶ 4} Defendant argues that the statute requires the prosecutor to file his written objections with the court prior to the hearing.
 {¶ 5} R.C. 2953.32 states in pertinent part:
"* * * a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.
"* * *
"(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. Theprosecutor may object to the granting of the application byfiling an objection with the court prior to the date set for thehearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant." (Emphasis added.)
 {¶ 6} Defendant relies on State v. Stiff (June 21, 1990), Portsmouth App. No. 1804 for her claim that a prosecutor's failure to file his objections to her expungement motion precluded the court from considering those objections. The Ohio Supreme Court, however, expressly addressed the conflict between the Fourth District's holding on this issue in Stiff and the Second District's holding in State v. Hamilton (1996),75 Ohio St.3d 636, 637. The Court held that "R.C. 2953.32(B) does not require the filing of a written objection as a prerequisite to a prosecutor's participation in the expungement hearing. Rather, as an alternative to appearing at the expungement hearing, the statute permits a prosecutor to contest an expungement by written objection." Id. at 638. Defendant's argument that the court erred in permitting the prosecutor to present oral objections at the hearing and considering those objections in its decision, therefore, is without merit. Accordingly, Assignments of error one and two are overruled.
 {¶ 7} For her third assignment of error, defendant states:
IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DENY APPELLANT'S MOTION TO SEAL BASED ON THE GOVERNMENT'S REASON THAT HER CONVICTION COULD ENHANCE EITHER THE DEGREE OR NATURE OF AN OFFENSE IN A SUBSEQUENT PROCEEDING WHERE APPELLANT WAS NOT AFFORDED AN OPPORTUNITY TO PROVIDE EVIDENCE TO THE CONTRARY.
 {¶ 8} Defendant argues that the trial court abused its discretion because she was prevented from preparing properly to address the prosecutor's arguments. Although the prosecutor did argue that it opposed granting the motion because "the nature of the domestic violence is an enhanceable offense * * *" (Tr. at 9), it was the court that first raised this issue. Defendant claims that by allowing the prosecutor to raise this argument for the first time at the hearing, the court denied her an opportunity to prepare to counter this argument. Before the prosecutor said anything of substance, however, the court told defendant "if there is a subsequent charge, this conviction would be used to enhance; do you understand what I mean? * * *" Tr. at 5.
 {¶ 9} Even without hearing the prosecutor's reasons for denying the expungement, however, the court sua sponte raised this issue. Nothing in the record indicates that the court would not have considered this issue even without the prosecutor's argument.
 {¶ 10} The court first noted that defendant was "doing really well as a productive member of society" and that it was rare for the court to see a record like hers. In the same sentence, however, the court told defendant "because of the nature of the charge, I am not able to grant your motion * * *."
 {¶ 11} The prosecutor's only argument in the twelve-page transcript was, "[y]our Honor, this is a Domestic Violence charge.
The City believes this is one case that cannot be expunged. This is a crime of violence and it's an enhanceable offense." The court replied, saying, "I'm in agreement with the City." The court noted that defendant had attempted several times to hit her husband with her car. The court also expressed concern that defendant would be working with children and that defendant may not have overcome "her anger problem." Tr. at 9.
 {¶ 12} In her brief, defendant claims that she had a valid response to the enhanced subsequent offense issue. Specifically, defendant claims that she could have rebutted the prosecutor's claims that a second offense could enhance the degree or nature of the subsequent crime. She never explains the basis of this claim, however. Instead, she merely references Scott v.Illinois (1974), 440 U.S. 367 and State v. Brandon (1989),45 Ohio St.3d 85. Both Scott and Brandon concern the state's inability to enhance second offenses of misdemeanor convictions because the defendant had not been represented by counsel for the first conviction. In the case at bar, however, defendant does not claim that she was not represented by counsel in her domestic violence conviction. Nor does she provide any affidavit stating that she was not represented. Moreover, the record is silent concerning representation. Absent proof to the contrary, we must presume that defendant was afforded her constitutional right to counsel. Merely citing to cases without establishing the facts in the case at bar as a basis for applying those cases is insufficient to justify our reversing the decision of the trial court. Moreover, the cases she cites arose on the occasion of a second conviction, not at an expungement hearing.
 {¶ 13} A trial court uses a specific analysis in an expungement hearing. "When considering the application, the trial court must, in pertinent part, `weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.' R.C. 2953.52(B)(2)(d). The trial court has considerable discretion when weighing the applicant's interests with the government's interests." State v. Tyler
(June 28, 2001), Franklin App. No. 00AP-1331, 2001 Ohio App. LEXIS 2869, at *2, citing State v. Haney (1991),70 Ohio App.3d 135, 139.
 {¶ 14} An abuse of discretion requires more than just a disagreement concerning the court's decision; to be found to have abused its discretion, the trial court's attitude had to have been arbitrary, unreasonable, or unconscionable. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court."In re Jane Doe I (1991), 57 Ohio St.3d 135, 137-138, citingBerk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 15} Nonetheless, the trial court's discretion is not without limits. We find that the trial court's decision to deny Ms. Cooper-Hill an expungement in spite of her exemplary accomplishments since her fourth degree misdemeanor conviction was arbitrary and unreasonable. Ms. Cooper-Hill's interest clearly outweighs the state's interest in some hypothetical, potential crime enhancement. The statute permits expungement by a range of offenders, including first-time felons. Here, the crime to be expunged is merely a fourth degree misdemeanor, the lowest level on that range. That this offense was of such a low level and that there are no indicators whatsoever of any likelihood of reoffending, however, carry more weight than the need to preserve a record to enhance a sentence for a future possible crime.
 {¶ 16} The transcript reveals that the court did consider the arguments from both sides. The court even stated that it realized that defendant had made excellent progress at turning her life around. It told defendant that it understood "exactly why you're trying to have the record sealed." Tr. at 12. Nonetheless, the court held, "I think that the government needs to maintain its records, and it outweighs the party's right to privacy in having this matter sealed." Tr. at 10.
 {¶ 17} The court also expressed concern that Ms. Cooper-Hill might not have overcome her anger management problem and that she would be working with children. Nothing in the record, however, gives the slightest hint that Ms. Cooper-Hill ever had an anger control problem with children. On the contrary, the evidence shows that Ms. Cooper-Hill raised her own children, as well as often caring for her nieces and nephews, while successfully pursuing her degree and supporting the family. The state presented no evidence of any further anger-related crimes or incidents. There is no evidence, moreover, that her actions in her domestic violence offense were part of any general character defect. Rather, they appear to have been an aberration resulting from a specific and unique set of circumstances. Hers was a situational response, and the evidence shows that Ms. Cooper-Hill has carefully managed her life to avoid repeating such a situation.
 {¶ 18} Ms. Cooper-Hill testified that she is no longer involved with her husband, who had girlfriends and spent the grocery money on drugs. She has, instead, invested enormous energy and persistence into establishing a service career. Her eight years of demonstrated model citizenship carry greater weight than the state's need to preserve a record for the purpose of enhancing a future domestic violence offense that is merely a theoretical possibility.
 {¶ 19} Ms. Cooper-Hill appears to this court to be the very type of citizen for whom expungement was invented. Even the state should have an interest in recognizing and encouraging rehabilitation that is clearly working and that interest should be deemed stronger than its interest in reserving a higher punishment for a mere possibility that an eight-year model citizen might reoffend. The trial court's ruling, therefore, was an abuse of discretion. Accordingly, this assignment of error has merit.
 {¶ 20} This case is reversed and remanded for proceedings consistent with this opinion.
This cause is reversed.
It is, therefore, ordered that appellant recover of appellee her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., Concurs.
 Corrigan, A.J., Dissents with separate dissenting Opinion.