OPINION
{¶ 1} This is an appeal by plaintiff-appellant, State of Ohio ("state"), from a judgment of the Franklin County Court of Common Pleas, granting the application of defendant-appellee, Omar D. Hernandez, to seal a record of conviction.
 {¶ 2} On July 7, 2004, appellee filed an application to seal the record of his conviction for aggravated assault in common pleas case No. 95CR-7314. The state subsequently filed an objection to the application, and the matter came for hearing before the trial court on March 15, 2005. By entry filed on that date, the trial court granted appellee's application.
 {¶ 3} On appeal, the state sets forth the following single assignment of error for review:
THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S APPLICATION FOR EXPUNGEMENT, AS DEFENDANT WAS INELIGIBLE UNDER R.C. 2953.36(C) DUE TO A PRIOR OFFENSE OF VIOLENCE.
 {¶ 4} In its sole assignment of error, the state contends that R.C.2953.36(C) does not allow the expungement of appellee's conviction for aggravated assault. We agree.
 {¶ 5} The Ohio Supreme Court has noted that expungement is "`an act of grace created by the state,' and so is a privilege, not a right." Statev. Simon (2000), 87 Ohio St.3d 531, 533, quoting State v. Hamilton
(1996), 75 Ohio St.3d 636, 639. Moreover, "[e]xpungement should be granted only when all requirements for eligibility are met." Simon, at 533. The procedures for sealing of a record of conviction are set forth in specific statutory provisions (R.C. 2953.31 through 2953.36), and "the conviction records of some offenders cannot be sealed." Id., citing R.C.2953.36.
 {¶ 6} R.C. 2953.36 provides in relevant part:
Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:
* * *
(C) [C]onvictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or 2917.31 of the Revised Code that is a misdemeanor of the first degree[.]
 {¶ 7} Thus, while the first part of subsection (C) precludes from expungement offenses of violence that are felonies or misdemeanors of the first degree, subsection (C) "then conjunctively excepts four specific violent offenses from the general preclusion: riot (R.C. 2917.03), and misdemeanor violations of assault (R.C. 2903.13), inciting violence (R.C. 2917.01), and inducing panic (R.C. 2917.31)." City of Euclid v.El-Zant (2001), 143 Ohio App.3d 545, 547.
 {¶ 8} In the instant case, it is undisputed that appellee was convicted of aggravated assault, a felony of the fourth degree pursuant to R.C. 2903.12(B). Further, R.C. 2901.01(A)(9)(a) defines an "offense of violence" to include a violation of R.C. 2903.12. Thus, because the prior conviction involved a felony offense of violence, and not a violation of R.C. 2917.03, or a first-degree misdemeanor violation of R.C. 2903.13,2917.01 or 2917.31, expungement was not available and the trial court erred in granting appellee's application. State v. Pitts, Hamilton App. No. C-020574, 2003-Ohio-1740, at ¶ 5 (defendant's conviction for aggravated assault, in violation of R.C. 2903.12, could not be expunged); State v. Meyer (Nov. 29, 2001), Cuyahoga App. No. 79513 (trial court erred in granting defendant's application for expungement of conviction for aggravated assault); State v. Barnett (May 24, 2001), Cuyahoga App. No. 78941 (same).
 {¶ 9} Based upon the foregoing, the state's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment reversed and cause remanded.
Petree and Sadler, JJ., concur.