JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appellant, Sue Gerber, appeals the decision of the Cuyahoga County Court of Common Pleas that denied her motion for expungement. For the following reasons, we affirm in part and reverse in part and remand.
 {¶ 2} While working as a speech pathologist, Gerber billed the state of Ohio for certain tests that were not performed. Gerber was charged in a nineteen-count indictment, which included charges for theft in office, tampering with records, forgery, and uttering. In October 2003, Gerber pled guilty to six counts of tampering with records and six counts of attempted forgery. She was sentenced to a total of six months in prison, suspended, and ordered to surrender her state board of speech language pathology and audiology license. In addition, Gerber was ordered to pay $1,292.03 in restitution.
 {¶ 3} In January 2005, Gerber filed a motion for expungement and sealing of records. The state filed a brief in opposition. A hearing was held in October 2005, wherein the trial court denied Gerber's motion. Gerber appeals, advancing two assignments of error for our review. Gerber's two assignments of error are interrelated and will be addressed together.
 {¶ 4} "I. The court's hasty termination of the expungement hearing and summary denial of appellant's motion was reversible error and requires a remand for a new expungement hearing."
 {¶ 5} "II. The court's denial of appellant's motion for expungement was erroneous and an abuse of discretion."
 {¶ 6} Under these two assignments of error, Gerber argues that the trial court failed to conduct a full and fair hearing in accordance with R.C. 2953.32(B) and that the trial court failed to make the required findings in accordance with R.C. 2953.32(C). Gerber also claims that the trial court abused its discretion when it denied her motion for expungement.
 {¶ 7} The state argues that the trial court held a hearing and correctly concluded that Gerber was not a first offender and therefore ineligible for expungement. In addition, the state argues that Gerber's interest in having her convictions expunged were outweighed by the state's interest.
 {¶ 8} A first offender may apply to seal the record of conviction. R.C. 2953.32(A)(1). Upon application, the court shall set a date for hearing and notify the prosecutor; the state may object. R.C. 2953.32(B). Whether an applicant is a first offender is a question of law to be determined de novo by a reviewing court. State v. Krantz, Cuyahoga App. No. 82439, 2003-Ohio-4568; State v. McGinnis (1993), 90 Ohio App.3d 479.
 {¶ 9} Neither the United States Constitution nor the Ohio Constitution endows one convicted of a crime with a substantive right to have the record of a conviction expunged. Bird v.Summit Cty. (C.A.6, 1984), 730 F.2d 442, 444. Instead, expungement is an act of grace created by the state. State v.Hamilton, 75 Ohio St.3d 636, 639-640, 1996-Ohio-440. Moreover, the government possesses a substantial interest in ensuring that expungement is granted only to those who are eligible. Id. Expungement eliminates the general public's access to conviction information. Id. Accordingly, expungement should be granted only when an applicant meets all the requirements for eligibility set forth in R.C. 2953.32. Id.
 {¶ 10} Pursuant to R.C. 2953.32(C), before ruling on a motion to seal a record of conviction, the trial court must determine whether the applicant is a first offender, whether criminal proceedings are pending against the applicant, and whether the applicant has been rehabilitated to the satisfaction of the court, consider objections raised by the prosecutor, and weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records.State v. Krantz, Cuyahoga App. No. 82439, 2003-Ohio-4568. The statutory requirements are independent of one another and are in the conjunctive. Id. Therefore, if the movant fails to satisfy one of these requirements, the trial court must deny the motion. Id. Moreover, the applicant's status as a first offender is a prerequisite to the trial court's jurisdiction over an application to seal records. Id., citing State v. Saltzer
(1985), 20 Ohio App.3d 277, 278. According to the record before us, a hearing was held in this case and Gerber's attorney was given an opportunity to speak. The state objected to Gerber's motion for expungement and sealing of records because Gerber was not a first offender as defined by R.C. 2953.31(A). Specifically, the state argued that Gerber was convicted of six counts of tampering with records and six counts of attempted forgery over the course of several months. The state argued that her crimes could not be considered the same act for purposes of expungement. Gerber argued that her case was similar to State v. McGinnis
(1993), 90 Ohio App.3d 479, when the court upheld the expungement finding that defendant's convictions for vandalism and OMVI were connected, because they were logically linked to his anguish over his wife's affair. In this case, the trial court disagreed with Gerber, pointing out that her crimes happened over seven months, which was not the same as the twelve hours between crimes in the case Gerber cited. In addition, the state argued that granting the expungement would enable her to reapply for her license, and then she would be in a position to commit the same crime again. The trial court agreed with the state and said:
 {¶ 11} "Well, I do believe that hospitals, doctors and patients have the right at least to find out with respect to the background, and character of the people that they work with and work for them. The motion for expungement is denied. Thank you."
 {¶ 12} Our review of the record compels the conclusion that Gerber is not a first offender as defined by R.C. 2953.31. Gerber was convicted of six counts of tampering with records and six counts of attempted forgery, which occurred over a span of seven months. This court has consistently recognized that separate but similar criminal acts, at different times, involving different victims, even if temporally related, do not convert separate convictions into a single offense for purposes of expungement.State v. Iwanyckyj (Oct. 14, 1993), Cuyahoga App. No. 65462, citing State v. Burks (Aug. 22, 1991), Cuyahoga App. No. 59040, (five counts of receiving stolen property by removal of food stamps from the mail intended for different individuals and unlawful redemption); State v. Alandi (Nov. 15, 1990), Cuyahoga App. No. 59735, unreported (fraudulently reported loss of travelers checks and later forged use of the "lost" checks at different stores not a single course of conduct); State v.Londrico (Dec. 28, 1978), Cuyahoga App. No. 38174, (two convictions for stolen property four months apart involving different victims considered separate offenses). Nor does the fact that separate indictments are considered together cause them to merge for expungement purposes. Saltzer, supra, at 278.State v. Bauknight (Feb. 1, 1990), Cuyahoga App. No. 58209 at 4; Burks, supra, at 6-7. Since Gerber was not a first offender, the trial court was without jurisdiction to order the records sealed.
 {¶ 13} Finally, Gerber complains that the trial court failed to include the proper findings in its journal entry, citingState v. Bates, Ashland App. No. 03-COA-057, 2004-Ohio-2260. It is clear from the transcript that the trial court determined that Gerber was not a first offender, and any further weighing of the factors listed in R.C. 2953.32 is unnecessary; nevertheless, a trial court must include said findings in its judgment entry to illustrate compliance with R.C. 2953.32. State v. Bates,
Ashland App. No. 03-COA-057, 2004-Ohio-2260. See, also, State v.Hall (Mar. 20, 2000), Mahoning App. No. 99 CA 190; State v.Berry (1999), 135 Ohio App.3d 250; State v. Woolley (Mar. 30, 1995), Cuyahoga App. No. 67312. In this case, the judgment entry simply states that after a hearing, defendant's motion was denied.
 {¶ 14} Accordingly, Gerber's first and second assignments of error are overruled insofar as Gerber is not a first offender entitled to expungement, but sustained in that the trial court did not include this finding in its judgment entry. This case is remanded to the trial court for the sole purpose of correcting the judgment entry to include the finding that Gerber is not a first offender and therefore ineligible for expungement.
Judgment affirmed in part and reversed in part.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Seeney, P.J., concurs;
Corrigan, J., concurs in part and dissents in part (with separate opinion).