[Cite as *State v. Oravec*, 2011-Ohio-5831.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 96654

---

# STATE OF OHIO

### PLAINTIFF-APPELLANT

### vs.

# CLIFFORD F. ORAVEC

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-522295

**BEFORE:** Cooney, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 10, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

By: Diane Smilanick
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

James J. McDonnell
75 Public Square
Suite 700
Cleveland, Ohio 44113-2001

COLLEEN CONWAY COONEY, J.:

**{¶ 1}** Plaintiff-appellant, the state of Ohio ("State"), appeals the trial court's sealing the record of defendant-appellee, Clifford Oravec ("Oravec"). Finding merit to the appeal, we reverse.

**{¶ 2}** In March 2009, Oravec was charged with felonious assault. He pled guilty to a lesser charge of assault, a misdemeanor, and was sentenced to 15 days in jail. In October

2010, Oravec filed a motion for expungement of this conviction. The State opposed the motion, and a hearing was held. The trial court granted Oravec's motion and sealed the record.

{¶ 3} The State now appeals, arguing in its sole assignment of error that the trial court erred in granting Oravec's request to seal his record.

{¶ 4} Expungement is an act of grace created by the state. *State v. Hamilton* (1996), 75 Ohio St.3d 636, 639, 665 N.E.2d 669. The expungement provisions are remedial in nature and must be liberally construed to promote their purposes. *State ex rel. Gains v. Rossi* (1999), 86 Ohio St.3d 620, 622, 716 N.E.2d 204. However, expungement should be granted only when all requirements for eligibility are met. *State v. Simon*, 87 Ohio St.3d 531, 533, 2000-Ohio-474, 721 N.E.2d 1041, citing *State v. Hamilton* (1996), 75 Ohio St.3d 636, 639, 665 N.E.2d 669. The procedures for sealing a record of conviction are set forth in specific statutory provisions, R.C. 2953.31 through 2953.36.

{¶ 5} R.C. 2953.32 allows a "first offender" to apply to the sentencing court for sealing of a conviction record. If the applicant is not a first offender, the trial court lacks jurisdiction to grant the requested expungement. *In re White*, Franklin App. No. 05AP-529, 2006-Ohio-1346, ¶5, citing *In re Barnes*, Franklin App. No. 05AP-355, 2005-Ohio-6891, ¶ 12. Whether an applicant is considered a first offender is an issue of law for a reviewing

court to decide de novo. *State v. Hoyles*, Franklin App. No. 08AP-946, 2009-Ohio-4483, ¶ 4.

{¶ 6} R.C. 2953.31(A) defines a "first offender" as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." R.C. 2953.32(C)(2) states:

> "If the court determines * * * that the applicant is a first offender * * *, that no criminal proceeding is pending against the applicant, and that the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is a first offender * * * has been attained to the satisfaction of the court, the court * * *, shall order all official records pertaining to the case sealed * * *."

{¶ 7} An applicant is not a "first offender" when he applies for expungement after multiple convictions, even if he seeks expungement of the first conviction. *In Re Overmyer* (Sept. 1, 1983), Cuyahoga App. Nos. 46383, 46384, 46385, citing *State v. Mottl* (Sept. 28, 1978), Cuyahoga App. No. 37649. Thus, a defendant with a prior conviction, whether expunged or not, is not a first offender and may not have subsequent convictions expunged.

{¶ 8} In the instant case, the State argues that Oravec was not eligible for expungement of this conviction due to a prior expungement for a 2002 conviction for disorderly conduct. The State argues that since the 2002 conviction was expunged in 2005, he cannot have his most recent conviction expunged as well. Oravec concedes in his brief that he was convicted

in 2002 of disorderly conduct, a fourth degree misdemeanor, and that the conviction was expunged in 2005. Oravec, however, argues that the state failed to produce any evidence that his conviction was anything but a minor misdemeanor, which is not considered a previous conviction. R.C. 2953.31 states as follows:

> "For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, for a violation of any section in Chapter 4507., 4510., 4511., 4513., or 4549. of the Revised Code, or for a violation of a municipal ordinance that is substantially similar to any section in those chapters is not a previous or subsequent conviction."

Oravec argues that this statute declares all minor misdemeanors do not constitute previous or subsequent convictions.[1] This argument ignores the fact that, having already received an expungement, Oravec is, therefore, not a first offender.

{¶ 9} Oravec admitted he received a prior expungement for a prior conviction. He maintains that since the record of the prior conviction has been sealed, the court was unable to determine the degree of the offense. However, having had the conviction expunged in 2005 does not alter the fact that Oravec has a "prior conviction." Thus, Oravec is not a first offender. In turn, the trial court lacked jurisdiction to grant his motion to expunge because the requirements for eligibility were not met.

---

[1] Oravec did not argue to the trial court that his prior conviction was a minor misdemeanor. His counsel informed the court that he had completed probation for that conviction.

{¶ 10} We find that the trial court erred when it granted Oravec's motion to expunge the 2009 conviction, because he was not a first offender under R.C. 2953.31(A), having had another conviction previously expunged.

{¶ 11} Accordingly, we sustain the State's sole assignment of error.

{¶ 12} Judgment reversed and case remanded to vacate the sealing of the record.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, P.J., CONCURS;
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY