[Cite as *State v. Matthews*, 2015-Ohio-3517.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-14-059

    Appellee                                          Trial Court No. 1993CR0192

v.

Edwin Matthews                                 **DECISION AND JUDGMENT**

    Appellant                                          Decided:  August 28, 2015

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

James H. Banks, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Edwin Matthews, appeals the judgment of the Wood County

Court of Common Pleas, denying his application to seal and/or expunge his record of

conviction.[1]  For the reasons that follow, we reverse.

---

[1] The words "expungement" and "sealing" are often interchanged.  *See State v. Pariag*,
137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 11 ("Although the word
'expungement' was used in R.C. 2953.32, Ohio's first-time-offender statute,

**{¶ 2}** On December 14, 1993, appellant was convicted of receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree. Appellant was given a one-year suspended prison sentence, and was placed on probation for two years. Probation was successfully terminated, and appellant was restored all rights of citizenship on December 11, 1995.

**{¶ 3}** Thereafter, on January 28, 2000, appellant moved to expunge or seal his record pursuant to R.C. 2953.32. The trial court set the matter for a hearing, following which it denied appellant's motion on the basis that this was not appellant's first offense.

**{¶ 4}** Subsequently, effective September 28, 2012, R.C. 2953.31 was amended to expand the definition of an "eligible offender" as used in R.C. 2953.32 to include anyone who has been convicted of an offense and "who has not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction."[2]

**{¶ 5}** On April 14, 2014, appellant again moved to seal or expunge his record of conviction. The trial court set the matter for a hearing on July 15, 2014. The court also ordered the Wood County Adult Probation Department to prepare an Expungement

---

'expungement' was described as a court-ordered 'seal[ing]' of official records and 'delet[ing]' of index references pertaining to a criminal conviction.").

[2] The prior version of the statute limited eligibility to anyone who has been convicted of an offense and who "previously or subsequently has not been convicted of the same or a different offense."

2.

Report and Recommendation, and to submit that report to the court before the July 15, 2014 hearing. Notably, the prosecutor did not file an objection to the application.

{¶ 6} On July 11, 2014, the trial court denied appellant's motion to seal or expunge his record of conviction. In its judgment entry, which was journalized on July 17, 2014, the court found that a hearing was unnecessary, as the report from the probation department indicated that appellant is not an "eligible offender" pursuant to the criteria in R.C. 2953.31 and 2953.32. Appellant alleges that a copy of the report was not provided to him prior to the trial court's denial, but nevertheless he was able to obtain a copy of the report, which he filed with the court on August 13, 2014.

{¶ 7} The report from the probation department concludes that appellant is not an "eligible offender" because, in addition to his conviction for felony receiving stolen property, appellant was convicted in 1992 for driving under suspension, a first-degree misdemeanor, and in 1993 for petty theft, a first-degree misdemeanor. Thus, appellant has been convicted of one felony and two misdemeanors.

### Assignment of Error

{¶ 8} Appellant has timely appealed the trial court's denial of his motion to seal or expunge, asserting one assignment of error for our review:

THE TRIAL COURT ERRED IN DETERMINING THAT
APPELLANT IS NOT AN ELIGIBLE OFFENDER, WITHOUT
HEARING, AND DENYING APPELLANT'S UNOPPOSED MOTION
TO SEAL OR EXPUNGE HIS RECORD OF CONVICTION.

3.

## Analysis

**{¶ 9}** "Expungement of a criminal record is an 'act of grace created by the state.'" *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 12, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). "It should be granted only when all requirements for eligibility are met, because it is a 'privilege, not a right.'" *Id.*, quoting *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

**{¶ 10}** R.C. 2953.32 sets forth the limits of the trial court's jurisdiction to grant a request to seal the record of convictions, stating in pertinent part:

> (A)(1) * * * [A]n eligible offender may apply to the sentencing court if convicted in this state * * * for the sealing of the record of the case that pertains to the conviction.
>
> * * *
>
> (B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant. * * *

4.

(C)(1) The court shall do each of the following:

(a) Determine whether the applicant is an eligible offender * * *.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records.

(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is an eligible offender * * *, that no criminal proceeding is pending against the applicant, and that the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is an eligible offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court * * * shall order all

official records of the case that pertain to the conviction * * * sealed and * * * all index references to the case that pertain to the conviction or bail forfeiture deleted * * *.

{¶ 11} As an initial matter, the state contends that appellant is barred by collateral estoppel from applying for expungement. In support, the state cites *McBride v. Whitehall*, 10th Dist. Franklin Nos. 13AP-658, 13AP-680, 2013-Ohio-5718, for the proposition that appellant's April 14, 2014 application for expungement is barred by collateral estoppel in light of his prior January 28, 2000 application. However, we find the facts in *McBride* to be distinguishable.

{¶ 12} In that case, McBride had filed an application for expungement in January 2013 in the Ashland County Municipal Court. The court held a hearing and denied McBride's application, finding that he was not an "eligible offender." Thereafter, in April 2013, McBride filed an application for expungement in the Franklin County Municipal Court. On appeal from that court's denial, the Tenth District held that the subsequent application was barred by collateral estoppel because McBride had "actually and directly litigated in the Ashland County Municipal Court the issue of whether [McBride] qualified as an eligible offender under R.C. 2953.31 based on the same convictions at issue in this case. * * * Moreover, the circumstances surrounding [McBride]'s eligibility have not changed since his application in the Ashland court was denied." *Id.* at ¶ 20.

6.

**{¶ 13}** Here, in contrast, appellant did not file successive applications in two different counties within months of each other. Instead, appellant filed his second application after the Ohio legislature had expanded the definition of an "eligible offender." In addressing a similar fact pattern, the Fifth District held that the broadening of the class of persons eligible for expungement "constitutes a change in circumstances between the prior requests for expungement and the instant application so as to allow a court to consider a subsequent petition and res judicata would not bar its review." *State v. Grillo*, 2015-Ohio-308, 27 N.E.3d 951, ¶ 20 (5th Dist.); *see also State v. Rojas*, 180 Ohio App.3d 52, 2008-Ohio-6339, 904 N.E.2d 541, ¶ 12 (2d Dist.) ("Res judicata does not bar an R.C. 2953.32 application where there is a showing of changed or new circumstances. * * * Furthermore, not having so objected in the trial court proceeding, the state has forfeited its right to argue res judicata on appeal."). Therefore, we hold that because the standard under which appellant is determined to be an "eligible offender" has changed, appellant's April 14, 2014 application for expungement is not barred by the doctrines of res judicata and collateral estoppel.

**{¶ 14}** Turning to the merits of his assignment of error, appellant contends that the trial court erred in failing to hold a hearing on his application and in determining that he was not an eligible offender.

**{¶ 15}** "[T]he essential purpose of an expungement hearing is to provide a reviewing court with all relevant information bearing on an applicant's eligibility for expungement." *State v. Hamilton*, 75 Ohio St.3d 636, 640, 665 N.E.2d 669 (1996).

7.

Many Ohio courts have found that "once an offender files an application to seal his records under R.C. 2953.32, a hearing is mandatory." *See e.g.*, *State v. Wright*, 191 Ohio App.3d 647, 2010-Ohio-6259, 947 N.E.2d 246, ¶ 9 (3d Dist.); *State v. Saltzer*, 14 Ohio App.3d 394, 395, 471 N.E.2d 872 (8th Dist.1984). However, some courts have found that a hearing is not required in certain situations, one of which is where the facts determining eligibility are not in dispute. For example, in *State v. Clark*, 4th Dist. Athens No. 11CA8, 2011-Ohio-6354, ¶ 17, the Fourth District held that a hearing was not required where the offender conceded that he had a prior conviction and there were no factual questions related to his eligibility.

{¶ 16} Here, appellant's status as an "eligible offender" is in dispute. Specifically, appellant contends that his 1992 conviction for driving under suspension is actually a conviction for driving under an FRA suspension in violation of R.C. 4510.16, which does not qualify as a conviction for purposes of determining his status as an "eligible offender." Indeed, R.C. 2953.31(B) states that for purposes of determining whether a person is an "eligible offender," "a violation of any section in Chapter 4507., 4510., 4511., 4513., or 4549. of the Revised Code * * * is not a conviction." Appellant concludes that if the 1992 offense is not a conviction, then he is, in fact, an "eligible offender" because he will have had only one prior misdemeanor conviction.

{¶ 17} The question at issue, then, is the nature of appellant's 1992 conviction for driving under suspension. The report from the Wood County Probation Department lists the conviction as "Driving Under FRA Suspension (M1)." It does not, however, include

8.

the Revised Code section under which appellant was convicted. This is an issue that must be resolved by the trial court after an expungement hearing, and we hold that the trial court erred in failing to hold such a hearing before determining that appellant was not an "eligible offender."

{¶ 18} As a final matter, we note that appellant additionally argues that he is entitled to expungement because there are no criminal proceedings pending against him, he has clearly been rehabilitated, and there is nothing in the record indicating any interest of the government in maintaining the records against him. However, this argument reaches the merits of appellant's application for expungement, and must first be determined by the trial court after hearing. Thus, we decline to address his argument and we do not express any opinion on appellant's ultimate entitlement to having his conviction expunged.

{¶ 19} Accordingly, having determined that the trial court failed to hold a hearing to determine appellant's status as an "eligible offender," we find appellant's assignment of error well-taken.

{¶ 20} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is reversed. The matter is remanded to the trial court to hold a hearing to determine whether appellant is an eligible offender under R.C. 2953.31, and if it so finds, to determine whether appellant is entitled to expungement under R.C. 2953.32. Pursuant to App.R. 24, the state is liable for the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____

Stephen A. Yarbrough, P.J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.