**MUCCI, f.k.a. McCoy, Appellant,**

v.

**McCOY, Appellee.**

[Cite as *Mucci v. McCoy* (1991), 74 Ohio App.3d 331.]

Court of Appeals of Ohio,
Ashtabula County.

No. 90-A-1542.

Decided May 28, 1991.

*David N. Patterson,* for appellant.
*Daniel Madden,* for appellee.

JOSEPH E. MAHONEY, Judge.

Plaintiff-appellant, Kelly A. (McCoy) Mucci, appeals from the July 2, 1990 judgment of the trial court granting defendant-appellee, Daniel R. McCoy, visitation with the parties' minor child, Anthony J. McCoy, born March 6, 1988.

Appellee filed a "motion for contempt" and a "motion to establish specific visitation." The trial court held a hearing on these motions on May 21, 1990. Prior to the filing of the judgment entry, appellant filed a motion for reconsideration which was overruled. On July 2, 1990, the trial court filed its judgment granting appellee visitation and setting forth the terms and schedule for such visitation. On July 20, 1990, appellant filed a motion to vacate the July 2, 1990 judgment. This motion was overruled on July 31, 1990.

Appellant then filed this timely appeal, raising the following assignment of error:

"The trial court erred when it violated Plaintiff's constitutional right to 'Liberty Interest' by not following the procedures [*sic*] requirements of Due Process."

Appellant argues that she was denied due process and her "liberty interest" because she was not able to appear at the May 21, 1990 hearing. Appellant contends that she told her attorney, Walter Thayer, to have the matter continued because she was scheduled to deliver, and, in fact, did deliver her baby on that day. Appellant contends that her attorney did not file a request for a continuance but, instead, appeared for the hearing which proceeded as scheduled. Appellant further states that visitation issues were decided in the trial court's chambers without a court reporter to take down the record. Therefore, appellant maintains that no record exists concerning the visitation issues.

Appellant's contentions are without merit.

Although there may not be a transcript of the hearing, appellant could have submitted a statement pursuant to App.R. 9(C) or 9(D) to establish the facts of the May 21, 1990 hearing. Appellant chose not to do so and indicated on her notice of appeal that no transcript or statement pursuant to App.R. 9(C) or 9(D) is necessary. The burden is on the appellant to provide the necessary record to establish the assigned error. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384.

Appellant was notified of the May 21, 1990 hearing. Although she did not personally appear at the hearing, her attorney, Walter Thayer, appeared on her behalf and was there to protect any "liberty interest" she may have had.

Appellant has failed to prove a violation and this court can find no violation of due process.

Appellee asserts that the issues herein are moot since the parties later resolved the visitation issues. A judgment entry was filed on August 23, 1990, subsequent to the filing of this appeal, which modified the visitation schedule and terms set forth in the July 2, 1990 judgment entry.

It is well settled that, once an appeal is filed, the trial court is divested of jurisdiction, except to take action in aid of the appeal. *Powell v. Turner* (1984), 16 Ohio App.3d 404, 16 OBR 474, 476 N.E.2d 368; *Bank One of Eastern Ohio, NA v. Liberty Bell, Inc.* (June 19, 1987), Trumbull App. No. 3685, unreported, 1987 WL 13067. It has been held that a vacation of the judgment on appeal is not an action in aid of the judgment on appeal.

*Majnaric v. Majnaric* (1975), 46 Ohio App.2d 157, 75 O.O.2d 250, 347 N.E.2d 552. There is no reason why the same rationale would not apply to a modification of a judgment on appeal.

Therefore, we find that, without an entry of dismissal concerning the appellate case, the trial court did not have jurisdiction to enter a new judgment entry, albeit with the parties' agreement, modifying visitation which is the subject of the judgment on appeal. Accordingly, the August 23, 1990 judgment is a nullity.

Appellant's assignment of error is not well taken.

Based on the foregoing, the judgment of trial court dated July 2, 1990 is affirmed.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.