JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant State of Ohio challenges the trial court order that granted defendant-appellee Sylvester Harris's application for expungement of his conviction for attempted drug abuse.
 {¶ 2} Appellant asserts in its first assignment of error the trial court failed to comply with the requirements of R.C.2953.32(B) prior to issuing its order. Appellant further asserts the trial court lacked jurisdiction to issue its order since appellee was not a "first offender" within the meaning of R.C.2953.31(A).
 {¶ 3} This court cannot consider appellant's second assertion due to the nature of the limited record on appeal. State v.Saltzer (1984), 14 Ohio App.3d 394. However, the trial court's failures to set a date for hearing and to notify the prosecutor of that date constituted reversible error. Since appellant's first assignment of error has merit, this case must be remanded for further proceedings.
 {¶ 4} The record reflects in November 1994 appellee was indicted on two counts of drug law violations. Appellee eventually entered a plea to an amended count one, viz., attempted drug abuse, R.C. 2923.02/2925.11. The trial court accepted appellant's plea and dismissed the other count.
 {¶ 5} On February 2, 1995 the trial court sentenced appellee to a term of incarceration of six months and imposed upon him a fine of $100 plus court costs. The trial court, however, suspended execution of sentence, placed appellee on four months of inactive probation, and ordered him to pay the money by March 15, 1995.
 {¶ 6} On January 7, 2002 appellee, acting pro se, filed a motion for expungement of his conviction pursuant to R.C.2953.32. Although appellee's certificate of service contained a statement that appellant was served with a copy of his motion on that date, there is nothing in the record which confirms that statement. Nevertheless, a year and a half later, the state filed a brief in opposition to appellee's motion. The state asserted appellee was not a "first offender."
 {¶ 7} On August 13, 2003 the trial court issued its order of expungement of appellee's conviction. Appellant received service of this order on August 18, 2003. This appeal was filed shortly thereafter.
 {¶ 8} Appellant's first assignment of error states:
 {¶ 9} "I. A trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing. (R.C. 2953.32(B); State v. Hamilton (1996),75 Ohio St.3d 363; State v. Saltzer (1984), 14 Ohio App.3d 394, followed.[)]"
 {¶ 10} Initially, appellant challenges the trial court's order on the basis of its failure to comply with the requirements of R.C. 2953.32(B). This assignment of error has merit.
 {¶ 11} R.C. 2953.32(B) imposes a mandatory duty upon the trial court to both "set a date for a hearing and * * * notify the prosecutor for the case of the hearing on the application." See, e.g., State v. Simon (2000), 87 Ohio St.3d 531 at 533. It is axiomatic that a trial court speaks only through its journal entries. Schenley v. Kauth (1953), 160 Ohio St. 109.
 {¶ 12} Since the record reflects the trial court neither set a specific date for a hearing on appellee's motion nor notified appellant of a date upon which it would proceed to consider appellee's motion, the trial court erred in granting it. Statev. Saltzer, supra; cf., State v. Hamilton (1996),75 Ohio St.3d 636 at 638, 640.
 {¶ 13} Appellant's first assignment of error, accordingly, is sustained.
 {¶ 14} Appellant's second assignment of error states:
 {¶ 15} "II. A trial court erred (sic) in granting a motion to seal the record of conviction when it is without jurisdiction to grant said motion to an applicant who is a not a first offender due to his conviction for driving under suspension."
 {¶ 16} Appellant asserts appellee has an earlier conviction for a municipal violation of driving under suspension. The limited record on appeal precludes this court from determining appellant's second assignment of error. State v. Houston (Jan. 31, 2002), Cuyahoga App. No. 80015.
 {¶ 17} However, this court reminds the trial court that the purpose of an expungement hearing is to permit it to "gather information" from several sources, including appellant. Furthermore, it is required "to examine the entire record" to determine whether the applicant is eligible for expungement.State v. Simon, supra. Thus, it must permit appellant the opportunity to respond to appellee's motion. State v. Hamilton,supra.
 {¶ 18} This case is remanded for further proceedings consistent with this opinion.
 {¶ 19} The judgment is reversed and the case is remanded.
Judgment reversed and case remanded.
Sweeney, P.J., and Gallagher, J., concur.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.