[Cite as *State v. Potts*, 2020-Ohio-989.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2019-T-0038**<br>**2019-T-0039** |
| REGGIE L. POTTS, | : | |
| Defendant-Appellant. | : | |

Civil Appeals from the Trumbull County Court of Common Pleas.
Case Nos. 1993 CR 00360 and 1994 CR 00159.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor; *Ashleigh Musick* and *Ryan J. Sanders*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Harry R. Reinhart*, Reinhart Law Office, One Americana, Suite 301, 400 South Fifth Street, Columbus, OH 43215 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1}   Appellant, Reggie L. Potts, appeals from two judgments of the Trumbull County Court of Common Pleas, denying appellant's applications to seal his record of convictions in case Nos. 1993 CR 360 and 1994 CR 159.  The cases were consolidated for review both below and on appeal.  For the reasons that follow, the judgments are affirmed.

{¶2} In 1993, appellant was indicted on four counts of misconduct related to his position as Bazetta Township Chief of Police (case No. 1993 CR 00360). A jury found appellant guilty of two counts: Theft in Office, a third-degree felony in violation of R.C. 2921.41(A)(2), which occurred on or about August 9, 1987; and Falsification, a first-degree misdemeanor in violation of R.C. 2921.13(A)(5), which occurred on or about October 17, 1989.

{¶3} In 1994, appellant was indicted a second time on two counts of misconduct also related to his position as Chief of Police (case No. 1994 CR 00159). Appellant pled guilty to a reduced charge of Tampering with Records, a first-degree misdemeanor in violation of R.C. 2913.42(A)(1), which occurred from January 1991 through March 1992. The second count was dismissed.

{¶4} Appellant was sentenced in both cases on December 12, 1994. In the 1993 case, appellant was sentenced to a suspended prison term of 18 months and was placed on probation for five years. The conviction was affirmed in *State v. Potts*, 11th Dist. Trumbull No. 95-T-5182, 1996 WL 297006 (May 10, 1996) ("*Potts I*"). In the 1994 case, appellant was sentenced to a suspended jail term of six months and was placed on probation for two years. The sentences were run concurrently with each other.

{¶5} Appellant first moved to have his record sealed in the year 2000. The trial court found that the three convictions were all part of the same act because they were investigated simultaneously and occurred in relation to appellant's position as Chief of Police. The trial court ordered the records sealed. On appeal by the state of Ohio, the trial court's judgment was reversed. This court held that appellant was not a "first offender" as defined in former R.C. 2953.31(A) and, therefore, was not eligible to have

2

the records sealed. *State v. Potts*, 11th Dist. Trumbull Nos. 2001-T-0016 & 2001-T-0017, 2001 WL 1647209 (Dec. 21, 2001) ("*Potts II*").

{¶6} In 2011, appellant again attempted to have his records sealed, arguing the trial court has inherent judicial power to do so in unusual and exceptional circumstances, regardless of statutory requirements. On appeal from the trial court's denial, this court affirmed. We held that appellant's only available remedy—as a convicted defendant—is statutory through R.C. 2953.32. *State v. Potts*, 11th Dist. Trumbull No. 2011-T-0054, 2012-Ohio-741, ¶16 ("*Potts III*").

{¶7} In 2017, appellant filed applications to seal the record of his convictions, pursuant to R.C. 2953.32. The trial court denied the applications, and the judgment was affirmed. We held that appellant was not an "eligible offender" as defined in the statute at that time. Therefore, the trial court did not have discretion to consider appellant's applications. *State v. Potts*, 11th Dist. Trumbull Nos. 2017-T-0089 & 2017-T-0090, 2018-Ohio-2074 ("*Potts IV*"). Appellant's convictions remained unsealed.

{¶8} Relevant to this appeal, on May 6, 2019, appellant again filed applications to seal the record of his convictions in both cases. He argued that he "would be eligible to have all three [convictions] sealed under the new provisions of Ohio Revised Code § 2953.31." Appellee, the state of Ohio, responded in opposition, asserting appellant is not an "eligible offender" under the revised statutory provisions.

{¶9} The trial court denied appellant's application in each case on the basis that appellant remains ineligible to have his records sealed, and, therefore, it lacked jurisdiction to consider the applications.

{¶10} From these entries, appellant raises one assignment of error for our review:

3

R.C. §2953.32(B) requires the trial court to set a hearing on the application which can be opposed by the state. The language of the statute is mandatory and not precatory. It is prejudicial and reversible error for the trial court to summarily dismiss the application without setting it for a hearing.

{¶11} Under his first issue presented for review, appellant argues that the unambiguous language of R.C. 2953.32(B) requires the trial court to set the matter for a hearing whenever an application for the sealing of a record is filed.

{¶12} We review issues of statutory interpretation de novo. *Wayt v. DHSC, L.L.C.*, 155 Ohio St.3d 401, 2018-Ohio-4822, ¶15. "When a statute is plain and unambiguous, we apply the statute as written, and no further interpretation is necessary." *Id.* (internal citations omitted).

{¶13} R.C. 2953.32(A)(1) states: "Except as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court if convicted in this state * * * for the sealing of the record of the case that pertains to the conviction." The relevant portion of R.C. 2953.32(B) provides: "Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application."

{¶14} Generally speaking, courts of this state have held that the requirement of a hearing under this section is mandatory. *See*, *e.g.*, *Aurora v. Bulanda*, 11th Dist. Portage No. 95-P-0130, 1996 WL 648995, *4 (June 14, 1996), citing *State v. Saltzer*, 14 Ohio App.3d 394 (8th Dist.1984). "This holding is obviously predicated upon the fact that, under normal circumstances, a trial court would be required to hear evidence before rendering its decision on the motion." *Id.; see also State v. Matthews*, 6th Dist. Wood No. WD-14-059, 2015-Ohio-3517 and *State v. Hagopian*, 10th Dist. Franklin No. 98AP-1572,

4

1999 WL 731381 (Sept. 21, 1999) (the trial court's failure to hold a hearing where the applicant's eligibility was in dispute constituted reversible error).

{¶15} That said, it has also been held that a hearing is *not* required when it "simply would serve no purpose." More precisely, there are circumstances where no factual issues need resolved in determining an applicant's eligibility for the sealing of his or her record. *See Bulanda*, *supra*, at *4 (where the applicant was convicted of an offense not eligible to be sealed under R.C. 2953.36, she "could not have presented any evidence which could have changed the outcome in this case because the trial court simply had no discretion to grant her motion"); *see also State v. Clark*, 4th Dist. Athens No. 11CA8, 2011-Ohio-6354 (a hearing was not required where the applicant conceded he had a prior conviction and there were no factual questions related to his eligibility) and *In re McBride*, 10th Dist. Franklin Nos. 13AP-658, 13AP-680, 2013-Ohio-5718 (a hearing was not required where the applicant's second motion to seal his records was barred by res judicata).

{¶16} We conclude, and logic dictates, that when there are no factual issues related to an applicant's eligibility for the sealing of a record of conviction, a hearing on the matter is not required under the statute.

{¶17} The first issue presented by appellant is not well taken.

{¶18} Under his second issue presented for review, appellant argues it was reversible error for the trial court to dismiss his applications without first setting the matter for a hearing. As stated, whether the trial court was required to set the matter for a hearing depends on whether factual issues exist as to appellant's eligibility under the statute.

5

{¶19} The trial court held appellant was not eligible to have his records sealed under the version of the statute in effect at the time of his May 6, 2019 applications. This determination is also reviewed de novo. *Potts IV*, *supra*, at ¶15, quoting *State v. Widener*, 2d Dist. Miami No. 2013 CA 29, 2014-Ohio-333, ¶8 ("'The trial court's preliminary determination as to whether the statutory eligibility requirements for sealing a conviction apply is a question of law that this court reviews de novo.'").

{¶20} "Sealing of a record of conviction pursuant to R.C. 2953.32 is a postconviction remedy that is civil in nature." *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, ¶19, citing *State v. Bissantz*, 30 Ohio St.3d 120, 121 (1987). "The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *Id.* at paragraph two of the syllabus.

{¶21} Effective as of October 29, 2018, as used in sections 2953.31 to 2953.36 of the Revised Code, "eligible offender" means either of the following:

> (a) Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state * * *, *if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors* and none of those offenses are an offense of violence or a felony sex offense * * *;
>
> (b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or *not more than one felony conviction and one misdemeanor conviction* in this state or any other jurisdiction.
>
> When two or more convictions *result from or are connected with the same act or result from offenses committed at the same time*, they shall be counted as one conviction.
>
> When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, *and result from related criminal acts that*

6

*were committed within a three-month period* but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

R.C. 2953.31(A)(1)(a)-(b) (emphasis added).

{¶22} The language of division (A)(1)(b) has not been revised since our decision in *Potts IV*. Twice now, this court has concluded that appellant is not eligible to have his records sealed pursuant to this language. We initially determined appellant had been convicted of three distinct offenses that did not involve the same act and that were not committed at the same time. *Potts II*, *supra*, at *3. Subsequently, we held that none of the offenses were committed within a three-month period. *Potts IV*, *supra*, at ¶22.

{¶23} Accordingly, it is the law of the case that appellant is not an "eligible offender" under the definition found in (A)(1)(b). *See id.* at ¶18, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984) ("the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels").

{¶24} Appellant is also not an "eligible offender" under the language found in the newly added division (A)(1)(a). His felony conviction for Theft in Office was a felony of the third degree—not, as is required, a felony of the fourth or fifth degree. There is no evidence appellant could have submitted at an evidential hearing to change this outcome.

{¶25} As appellant is not an "eligible offender," as a matter of law, under either definition found in R.C. 2953.31(A)(1), the trial court was not required to set the matter for a hearing before dismissing appellant's applications.

{¶26} The second issue is not well taken.

7

{¶27} Appellant's sole assignment of error is without merit. The trial court did not commit prejudicial or reversible error by dismissing appellant's applications to seal his records of conviction without setting the matter for a hearing.

{¶28} The judgments of the Trumbull County Court of Common Pleas are affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.