[Cite as *State v. Torres*, 2020-Ohio-5390.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0035** |
| ANTONIO E. TORRES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2008 CR 00768.

Judgment: Reversed and remanded.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1}    Appellant, Antonio E. Torres ("Torres"), appeals from a judgment of the Trumbull County Court of Common Pleas, denying Torres' applications to seal his record of conviction in Case No. 2008 CR 00768.  For the reasons that follow, the judgment is reversed and remanded.

{¶2}    The facts relating to the criminal conviction Torres seeks to have sealed are as follows:

**{¶3}** Torres pleaded guilty to a charge of Trafficking in Cocaine, a felony of the fifth degree, on November 2, 2009. He was sentenced to five years of community control, ordered to forfeit property, and subjected to other sanctions at the sentencing hearing on December 21, 2009. After violating his community control sanctions, Torres was sentenced to a 12-month prison term in 2011.

**{¶4}** On September 16, 2019, Torres filed a "Motion to Expunge" the record of his conviction and charges.[1] The trial court denied the motion without a hearing on September 26, 2019, stating in full: "The Court considered Defendant's Motion to Seal Record and Adult Probation's recommendation. The motion is not well taken. Therefore, it is ORDERED, ADJUDGED and DECREED Defendant's Motion to Seal Record is **denied**." (Emphasis sic).

**{¶5}** On April 27, 2020, Torres filed a second "Motion to Expunge," which cited various other court entries finding that he is an eligible offender and granting the sealing of records in other criminal matters since the filing of the first motion. The record does not reflect that any hearing was set by the trial court on the motion. On May 13, 2020, the trial court again denied the motion without a hearing. The judgment entry states in full: "Defendant's Motion to Seal Record is **denied**." (Emphasis sic).

**{¶6}** From this second entry, Torres noticed a timely appeal and raises two assignments of error for our review. We address the assignments out of order. Torres' second assignment of error states:

> [2.] IN THE ALTERNATIVE, THE TRIAL COURT ERRED IN NOT SUMMARILY GRANTING TORRES' MOTION TO SEAL HIS RECORD.

---

1. Torres' motion references R.C. 2153.32; however, R.C. 2953.32 is the appropriate statute for a request to seal a record of criminal convictions.

{¶7}   Under his second assignment of error, Torres argues the trial court should have summarily granted the motion to seal without first setting the matter for a hearing because a hearing would serve no purpose given the present circumstances.

{¶8}   "Generally speaking, courts of this state have held that the requirement of a hearing under [R.C. 2953.32(B)] is mandatory." *State v. Potts*, 11th Dist. Trumbull Nos. 2019-T-0038 & 2019-T-0039, 2020-Ohio-989, ¶14, citing *Aurora v. Bulanda*, 11th Dist. Portage No. 95-P-0130, 1996 WL 648995, *4 (June 14, 1996), citing *State v. Saltzer*, 14 Ohio App.3d 394 (8th Dist.1984).  We further noted in *Potts*, however, that "it has also been held that a hearing is *not* required when it 'simply would serve no purpose.'"  *Id.* at ¶15 (emphasis sic), quoting *Bulanda, supra*, at *4 (parallel citations omitted).

{¶9}   The state cites the Ohio Supreme Court case of *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354.  There, the Court stated, "[u]nder R.C. 2953.32(B) and 2953.52(B)(1), the court 'shall set a date for a hearing.'  That means that no matter which statute is used, the court may not seal immediately when an application is made to the court."  *Id.* at ¶29.  These cases are not in conflict, and we find *Lyons* to be applicable to Torres' second assignment of error.

{¶10}  In *Potts*, the trial court made the threshold determination that the appellant was not eligible for sealing his records as a matter of law.  Because of this, a hearing would have served no purpose—nothing presented to the court in a hearing would change the legal conclusion that the appellant was ineligible.  Therefore, no hearing was required to deny the motion to seal. *Potts, supra*, at ¶16.  Applying that principal, in the opposite instance, to the summary granting of a motion to seal under R.C. 2953.32

3

would run afoul of *Lyons* and the unambiguous holding of the Ohio Supreme Court that a motion to seal cannot be summarily granted without a hearing.

{¶11} Torres' second assignment of error is without merit.

{¶12} Torres' first assignment of error states:

> [1.] THE TRIAL COURT ERRED IN DENYING TORRES [sic] MOTION TO SEAL HIS RECORD WITHOUT A HEARING.

{¶13} Our standard of review for a denial of a motion to seal criminal records was recently stated in *In re. H.S.*, 11th Dist. Geauga No. 2020-G-0239, 2020-Ohio-4530:

> An appellate court reviews a lower court's decision to deny a motion to seal for abuse of discretion. 'A trial court abuses its discretion when its judgment fails to comport with either reason or the record.' *In re T.M.*, 11th Dist. Geauga No. 2016-G-0067, 2017-Ohio-156, ¶14. 'An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact."' *Cobb v. Shipman*, 11th Dist. Trumbull No. 2013-T-0117, 2015-Ohio-2604, quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401 (8th Dist.2008), ¶15. * * * 'When, however, it is necessary for an appellate court to interpret and apply statutory provisions, its standard of review is de novo.' *State v. M.J.*, 11th Dist. Ashtabula No. 2018-A-0046, 2019-Ohio-1420, ¶5.

*Id.* at ¶6 (internal citation omitted).

{¶14} "A person convicted of a crime has no substantive right to have the record of that conviction sealed. The sealing of the record of a conviction 'is an act of grace created by the state.'" *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, ¶13, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). "Although the determination whether to seal an applicant's record of conviction involves some exercise of discretion by the trial court, before an applicant gets to the point at which the court 'determine[s] whether the applicant has been rehabilitated to the satisfaction of the court,' R.C. 2953.32(C)(1)(c), he must first cross the threshold of statutory eligibility[.]" *Id.*

4

{¶15} R.C. 2953.32(B) provides the hearing requirement for the trial court: "Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." However, as stated above, we have held that a hearing is not required to deny an application when it "'simply would serve no purpose.'" *Potts, supra*, at ¶15, quoting *Bulanda, supra*, at *4.

{¶16} Effective as of October 29, 2018, as used in sections 2953.31 to 2953.36 of the Revised Code, "eligible offender" means either of the following:

> (a) Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;

> (b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

R.C. 2953.31(A)(1)(a)-(b).

{¶17} "Res judicata applies to successive motions for sealing when there has been no change of circumstances since the filing of the offender's prior motion." *State v. Grillo*, 5th Dist. Richland No. 14CA51, 2015-Ohio-308, ¶19, citing *State v. Haney*,

5

10th Dist. Franklin No. 99AP-159, 1999 WL 1054840 (Nov. 23, 1999). "Were it otherwise, there would be no disincentive to offenders who might file repeated motions for sealing in the hopes of obtaining a different outcome, based on the same set of circumstances." *Id.*, citing *State v. Singo*, 9th Dist. Summit No. 27094, 2014-Ohio-5335, ¶12.

{¶18} In the matter sub judice, the state concedes the record does not reflect that the trial court set the matter for a hearing or engaged in any analysis as to whether Torres was an eligible offender under the statute. Torres' second motion for sealing contained various other attached entries granting the sealing of his records in other courts, which constitutes a change of circumstances that had occurred since the filing of his first motion, rendering res judicata inapposite.

{¶19} Because of the lack of a proceeding or analysis in the trial court's entry, we have nothing in the record to review on appeal. Therefore, the matter must be remanded for the trial court to make a determination as to Torres' eligibility for sealing and, if eligible, set the matter for hearing pursuant to R.C. 2953.32(B).

{¶20} Torres' first assignment of error has merit.

{¶21} The judgment of the Trumbull County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this opinion.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.