[Cite as *State v. C.J.R.*, 2025-Ohio-2477.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# GEAUGA COUNTY

STATE OF OHIO,

        Plaintiff-Appellant,

- vs -

C.J.R.,

        Defendant-Appellee.

**CASE NO. 2025-G-0002**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2014 C 000147

---

## OPINION AND JUDGMENT ENTRY

Decided: July 14, 2025
Judgment: Reversed and remanded

---

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellant).

*Justin Enger*, Ibold & O'Brien, 401 South Street, Chardon, OH 44024 (For Defendant-Appellee).


SCOTT LYNCH, J.

{¶1}    Plaintiff-appellant, the State of Ohio, appeals from the judgment of the Geauga County Court of Common Pleas, granting defendant-appellee, C.J.R.'s, application to seal his records. For the following reasons, we reverse the decision of the lower court and remand for further proceedings consistent with this opinion.

{¶2}    On August 14, 2015, C.J.R. entered a guilty plea to Attempted Corrupting Another with Drugs, a felony of the third degree. The court ordered him to serve five years of community control which terminated in 2020.

{¶3}    In 2023, C.J.R. filed an application to seal his records, which the trial court

denied following a hearing. On November 26, 2024, C.J.R. filed a second application to seal his records. The court filed a judgment entry on December 13, 2024, granting the application and sealing the records relating to the case. The entry indicated that, on December 9, 2024, "an in-person hearing was held" and the motion was taken under advisement. It stated that the "Court had considered the evidence and the State's opposition to Defendant's Application to Seal the Record." It found that the record demonstrated C.J.R. had been rehabilitated.

{¶4}    The State filed leave to appeal which this court granted. On appeal, it raises the following assignment of error:

{¶5}    "The trial court erred by granting appellee's motion to seal without holding a hearing on the request."

**Trial court order vacating judgment on appeal**

{¶6}    As an initial matter, we observe that, in an effort to remedy the failure to hold a hearing, the trial court issued a January 13, 2025 order vacating the December 13, 2024 judgment sealing this matter, i.e., the judgment that is the subject of this appeal. In the January 13 order, the court also found the State's motion for leave to appeal, filed in this court, "moot." The trial court cannot rule on motions filed in this court and such motion was subsequently granted by this court. Further, concurrently with the request for leave, the State filed its notice of appeal. Although apparently consistent with this opinion's ultimate rationale on the merits, a trial court nonetheless lacks jurisdiction to vacate a judgment that is the subject of a pending appeal. *Mucci v. McCoy*, 74 Ohio App.3d 331, 333 (11th Dist. 1991).[1] Thus, we proceed to consideration of the merits.

---

1. "Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.*, 2005-Ohio-3215, ¶ 9. This court clarified that vacating a judgment "is not an action in aid of the judgment on appeal." *Mucci* at 333.

Case No. 2025-G-0002

**Hearing requirement for applications to seal**

{¶7} The State argues that, contrary to the incorrect statement contained in the court's judgment entry, it failed to hold a hearing on C.J.R.'s petition to seal the record, which is required by R.C. 2953.32.

{¶8} R.C. 2953.32(B)(1) provides that an offender may apply for the sealing or expungement of a criminal matter. "Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application not less than sixty days prior to the hearing." R.C. 2953.32(C). The prosecutor is to provide the victim notice of the date and time of the hearing. "The court shall hold the hearing not less than forty-five days and not more than ninety days from the date of the filing of the application." *Id.* Further, "[t]he prosecutor may object to the granting of the application by filing a written objection with the court not later than thirty days prior to the date set for the hearing." *Id.* The victim "may be present and heard orally, in writing, or both at any hearing under this section." *Id.*

{¶9} Decisions regarding the trial court's ruling on a motion to seal the record are generally reviewed for an abuse of discretion. *State v. Miller*, 2023-Ohio-2651, ¶ 13 (11th Dist.). "When an appellate court must interpret and apply statutory provisions, its standard of review is de novo." *Id.*

{¶10} Courts have consistently held that the requirements to set a date for the hearing, notify the prosecutor of the date, and hold the hearing are "mandatory," noting the need to hear evidence before rendering a decision on such motion. *State v. Potts*, 2020-Ohio-989, ¶ 14 (11th Dist.); *State v. Talameh*, 2012-Ohio-4205, ¶ 41 (11th Dist.) ("the requirement of a hearing is mandatory and each application for expungement must be set for hearing"); *State v. Withrow*, 2004-Ohio-3699, ¶ 7 (10th Dist.) ("[n]umerous

Case No. 2025-G-0002

appellate districts . . . have had the opportunity to address this issue and have found that an oral hearing is mandatory prior to the issuance of a decision on the application for sealing of record"); *State v. Harris*, 2004-Ohio-1788, ¶ 11 (8th Dist.). The "summary granting of a motion to seal under R.C. 2953.32" is contrary to the Supreme Court's holding that "a motion to seal cannot be summarily granted without a hearing." *State v. Torres*, 2020-Ohio-5390, ¶ 10 (11th Dist.), citing *State ex rel. Cincinnati Enquirer v. Lyons*, 2014-Ohio-2354, ¶ 29.

{¶11} While the judgment entry granting the application states that the trial court held a hearing, this is contrary to the record and the docket, which makes no note of a hearing date or notice of a hearing given to the parties. *See Harris* at ¶ 12 ("[s]ince the record reflects the trial court neither set a specific date for a hearing on appellee's motion nor notified appellant of a date upon which it would proceed to consider appellee's motion, the trial court erred in granting it"). In relation to the 2023 application to seal, denied by the trial court, the docket contains a note of the date and time of the hearing scheduled, a separate notation of the scheduling notice, and a notation for the stenographer's fees. In the present matter, no such items are contained in the record or noted on the docket. The judgment entry granting the application immediately follows the filing and notice of C.J.R.'s application.

{¶12} The fact that the court did not hold a hearing is also demonstrated by the timing of its judgment entry. Pursuant to R.C. 2953.32(C), the trial court is to hold a hearing "not less than forty-five days and not more than ninety days from the date of the filing of the application." The court issued its entry granting the application 17 days after it was filed, well short of the minimum 45 days that must elapse before a hearing can be held. Of note, in the proceedings on the 2023 application, the court held a hearing around

Case No. 2025-G-0002

two months after the application was filed, within the statutory period. In the absence of anything in the record to substantiate the court's statement that it held a hearing, we find this statement to be in error and the trial court failed to comply with the requirement to hold a hearing compliant with R.C. 2953.32(C). *See State v. Hufford*, 2024-Ohio-2667, ¶ 8, 12 (12th Dist.) (while the court scheduled the hearing on a specific date, since "[t]he record [was] devoid of any evidence to indicate that this hearing ever actually took place," reversal was required).

{¶13} As noted by the State, the statute also provides that the victim "may be present and heard orally, in writing, or both at any hearing under this section." R.C. 2953.32(C). There is nothing in the record to indicate that either the victim or the State was provided notice of a hearing date to facilitate appearance at such hearing. Further, the less than three-week turnaround in granting the application interfered with the ability of the victim to be heard through a written statement. For these reasons, this matter is reversed and remanded to the trial court for compliance with the timing and hearing requirements of R.C. 2953.32(C) prior to issuance of a judgment on the application to seal the record.

{¶14} The sole assignment of error is with merit.

{¶15} For the foregoing reasons, the judgment of the trial court granting C.J.R.'s application to seal his records is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-G-0002

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is with merit. The order of this court is that the judgment of the Geauga County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this Opinion.

Costs to be taxed against appellee.

_____
JUDGE SCOTT LYNCH

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-G-0002